No. 39,927

CARL R. FELDMANN, *Appellant,* v. MARY B. FELDMANN, *Appellee.*

(292 P. 2d 716)

Opinion filed January 28, 1956.

*Harry A. Lanning,* of Seneca, argued the cause, and *William M. Drumm,* of Seneca, was with him on the briefs for the appellant.

*Jacob A. Dickinson,* of Topeka, argued the cause, and *Edward Rooney, David Prager, William W. Dimmitt, Jr.,* and *Sam A. Crow,* all of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: On May 21, 1946, the district court of Brown County rendered a judgment wherein it granted Mary B. Feldmann, the defendant, a divorce from Carl R. Feldmann, the plaintiff, gave her custody of their two minor children and approved certain contractual property settlement agreements, which were made a part and portion of such divorce. Later, and on July 15, 1947, the plaintiff attempted to obtain a modification of the judgment by striking everything therefrom except the portion thereof granting the defendant a divorce. The trial court overruled such motion and on appeal to this court we affirmed on the ground its judgment had become final and conclusive as between the parties.

In *Feldmann v. Feldmann,* 166 Kan. 699, 204 P. 2d 742, the first appearance of the case in this court, we detailed the facts giving rise to that lawsuit, and for that matter the present appeal, with great care and at considerable length. For that reason the statement of facts therein made, which we now incorporate in this opinion by reference will suffice to supply the factual background essential to the disposition of the major portion of the decisive issue here involved. Therefore, the factual statement of this opinion will commence with the recital of material events occurring after the disposition of the first appeal.

Since, and notwithstanding the rendition on April 9, 1949, of our decree in *Feldmann v. Feldmann,* supra, the plaintiff, who by that time had employed different counsel, has made two attempts to modify the original judgment of May 21, 1946. In each instance the trial court attempted to modify such judgment and granted the relief sought, its first order being made on March 21, 1950, and the second on November 1, 1954.

On December 29, 1954, the defendant, who by this time had also employed new counsel, filed motions to set aside (1) the order of March 21, 1950, reducing child support payments and (2) the order of November 1, 1954, again reducing such payments. These motions charged that such orders were each null and void because the court was without jurisdiction to render the same and that she had had no notice of such motions or the hearings in connection therewith.

On February 9, 1955, the defendant's motions to set aside the orders therein attacked were heard and the trial court, after stating that it had always had doubt as to its right and power to modify the original judgment, sustained such motions and found and ordered that all orders and proceedings had in the cause subsequent to May 21, 1946, which in any manner conflicted with the judgment and decree entered therein on May 21, 1946, should be set aside and vacated as void. In addition it ordered that plaintiff pay the sum of $200 as suit money for the defendant and the further sum of $100 to her attorneys as a fee for their appearance and prosecution of the cause. Thereupon plaintiff perfected the instant appeal.

When what has been heretofore stated is supplemented by the full and complete factual statement of *Feldmann v. Feldmann,* supra, it appears the all decisive question involved in this appeal is whether, after a husband and wife have entered into a marriage settlement whereby they agree upon a division of property as between themselves and payments to be made by the husband to the wife for the care and support of their children, including maintenance of the wife while such children remain in her care and custody, and thereafter such agreement is approved by the trial court in a divorce action and made a part of its judgment and decree, the rights and liabilities of the parties are governed by the terms of the judgment, including the contract or by the statutory authority of the court in divorce cases.

We think the foregoing question was involved and decided when this case was here before and is therefore res judicata so far as this appeal is concerned. Nevertheless, we have reexamined our decisions and, on the basis of what is said and held in *Feldmann v. Feldmann,* supra; *French v. French,* 171 Kan. 76, 229 P. 2d 1014; *In re Estate of Shideler,* 172 Kan. 695, 242 P. 2d 1057, and the numerous decisions therein cited, have no difficulty in concluding that under the existing facts and circumstances the rights of the parties are controlled by the original judgment of May 21, 1946, which, as we have heretofore indicated, includes their marriage settlement contract and requires compliance with its terms and conditions. Therefore, since such judgment has never been appealed from and all our authorities (see, e. g., *Buchanan v. Lambdin,* 176 Kan. 62, 269 P. 2d 443) hold that attempts to modify a judgment after the expiration of the term at which it is rendered are void, it follows that the trial court's action in sustaining appellee's motion

to set aside previous orders, wherein it had attempted to modify such judgment after the term, must be upheld.

With commendable candor counsel for appellant concede that the order of the trial court in allowing suit money and an attorney fee was proper if—as we have held—it did not err in setting aside the orders last above mentioned. For that reason arguments advanced in connection with such phase of the appeal require no further consideration or discussion.

The judgment is affirmed.