No. 47,029

Davis W. Cheek, *Appellant,* v. Kittie F. Kelley, Formerly Kittie F. Cheek, *Appellee.*

(512 P. 2d 355)

Opinion filed July 14, 1973.

*R. L. White,* of Pittsburg, argued the cause, and *J. Curtis Nettels,* of Pittsburg, was with him on the brief for the appellant.

*Forrest E. Short,* of Fort Scott, argued the cause, and *Joel B. Short,* of Fort Scott, was with him on the brief for the appellee.

*Per Curiam:* This is an action by the ex-husband (appellant) to cancel future alimony payments after the remarriage of the wife (appellee).

Before trial the parties executed a detailed separation agreement which called for alimony in the total sum of $24,200, payable over 121 months. There was no provision for the contingency of re-marriage. The decree approved and incorporated the separation agreement as executed. After appellee remarried (August 1, 1971) appellant filed a motion asking the court to cancel payments of alimony that would become due after the filing date of this motion. The trial court overruled the motion, and the appeal is from that order.

When a party seeks and obtains from the trial court its approval of a separation agreement and its incorporation in the decree and accepts the benefits of the judgment, he cannot avoid the disadvantages by a motion to modify except as to those matters over which the court has continuing jurisdiction. (*Drummond v. Drummond,* 209 Kan. 86, 495 P. 2d 994.) Matters settled by agreement, except those pertaining to custody, support or education of minor children, are not subject to later modification by the court except as the agreement itself may prescribe or the parties may subsequently consent. (K. S. A. 1972 Supp. 60-1610.)

Appellant relies upon *In re Estate of Sweeney,* 210 Kan. 216, 500 P. 2d 56, where the question was continuation of alimony payments from his estate after the death of the husband. There, the agreement specified neither the total sum nor the number of pay-

ments; it provided only that monthly payments continue until the remarriage or death of the wife. We held that his duty to support terminated on his death in the absence of a clear provision to the contrary. The case has no application to this one, where we have a lump sum judgment payable in installments.

The judgment is affirmed.

OWSLEY, J., not participating.