No. 47,754

BILLIE J. CURTIS, *Appellee*, v. ERNEST L. CURTIS, *Appellant*.

(542 P. 2d 330)

Opinion filed November 8, 1975.

*Frederick K. Cross*, Chartered, of Kansas City, argued the cause and was on the brief for the appellant.

*Michael J. Peterson*, of Kansas City, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: Ernest L. Curtis appeals from an order of the district court denying a motion to modify or vacate alimony payments which had been agreed upon by him and his former wife, Billie J. Curtis, in a written property settlement agreement.

The agreement in part provided:

"4. Defendant [Ernest L. Curtis] agrees to pay to plaintiff [Billie J. Curtis] alimony, denominated as future support, in the sum of $70.00 per week, commencing immediately, and continuing on each consecutive week hereafter, to be terminated upon the death or remarriage of plaintiff."

The decree of divorce in pertinent part provided:

"IT IS FURTHER DECREED that the provisions of the property settlement agreement attached hereto and made a part of this decree shall be a judgment as though set out herein, which agreement is hereby approved."

The motion to modify the alimony payments was filed a year and six months after the agreement was approved and made a part of the decree by the divorce court. The basis for the motion to modify was increased personal living expenses arising when appellant took custody of his fourteen year old daughter. Child support payments had been terminated by the court.

This case is controlled by K. S. A. 1974 Supp. 60-1610 (*d*) which provides:

"(*d*) *Separation agreement.* If the parties have entered into a separation agreement which the court finds to be valid, just, and equitable, it shall be incorporated in the decree; and the provisions thereof on all matters settled

thereby shall be confirmed in the decree except that any provisions for the custody, support, or education of the minor children shall be subject to the control of the court in accordance with all other provisions of this article. *Matters, settled by such an agreement, other than matters pertaining to the custody, support, or education of the minor children, shall not be subject to subsequent modification by the court except as the agreement itself may prescribe or the parties may subsequently consent."* (Emphasis supplied.)

This court construed the foregoing provision in *Drummond v. Drummond,* 209 Kan. 86, 495 P. 2d 994. We held that:

"A party who seeks and obtains from a trial court its approval of a separation agreement and its incorporation in a judgment and thereafter accepts the benefits of the judgment cannot avoid its disadvantages by a motion to modify except as to those matters over which the court has continuing jurisdiction." (Syl. ¶ 5.)

See also *Dodd v. Dodd,* 210 Kan. 50, 499 P. 2d 518, and *Cheek v. Kelley,* 212 Kan. 820, 512 P. 2d 355.

*Drummond* was followed in *Wallace v. Wallace,* 214 Kan. 344, 520 P. 2d 1221, where we held:

"A trial court after entering an original decree which determines a division of property has no continuing jurisdiction of that part of the decree and no power to modify that part of the decree. (Following *Drummond v. Drummond,* 209 Kan. 86, 495 P. 2d 994, Syl. ¶ 2.)" (Syl. ¶ 1.)

Payment of alimony settled by mutual agreement of the parties, found by the trial court to be valid, just and equitable, and incorporated in the divorce decree, is not subject to subsequent modification by the court except as the agreement itself may prescribe or the parties may consent. (K. S. A. 1974 Supp. 60-1610 [d].)

The order of the district court is affirmed.

MILLER, J., not participating.