No. 47,859

E. Rice, *Appellant,* v. E. Rice (now E. Simpson), *Appellee.*

(549 P. 2d 555)

Opinion filed May 8, 1976.

*Harold Youngentob,* of Goodell, Casey, Briman & Cogswell, of Topeka, argued the cause, and *Thomas E. Wright,* of the same firm, was with him on the brief for the appellant.

*R. Kent Sullivan,* of Payne & Jones, Chartered, of Olathe, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

Miller, J.: Plaintiff appeals from an order of the trial court denying plaintiff's motion to terminate alimony payments. This divorce proceeding was before this court in 1974, when plaintiff appealed from an order of the trial court denying his motion to terminate certain child support. *Rice v. Rice,* 213 Kan. 800, 518 P. 2d 477. The sole question presented here is whether the trial court erred in concluding that the decree of divorce embodied a separation agreement between the parties which fixed the amount of alimony.

E. Rice, also known as Ernest J. Rice, filed a petition for divorce in the district court of Wabaunsee County on October 7, 1970. Defendant, Ellen L. Rice, entered her voluntary appearance. The trial court declared an emergency and advanced the case for hearing on November 25, 1970. Plaintiff appeared in person and by counsel. At the time the matter was heard a lengthy decree of divorce, containing provisions for custody, support, education, medical expenses and insurance for the children; dividing the property of the parties; providing for alimony payable in various monthly installments, such payments to cease "upon defendant's death or remarriage, or upon plaintiff's death"; providing for the taking of credit for the children as dependents for income tax purposes; and providing for the payment of accrued income taxes, was submitted to the court. This order had been prepared in ad-

vance. It was finalized at a meeting of plaintiff, his attorney, and defendant's attorney on the morning of the hearing, and was approved by counsel for both parties. Upon trial it was approved and adopted by the court.

The trial court made findings of fact and conclusions of law upon the hearing of the plaintiff's earlier motion to terminate child support. Those findings included the following statements which are pertinent here:

" 'At the court hearing, plaintiff appeared in person and by his attorney. Defendant did not appear at the court hearing either personally or by attorney. The Court heard evidence of the plaintiff, both as to grounds for divorce and as to property and child support. The evidence disclosed an agreement between the parties as to child support, disposition of property, and alimony. Following production of evidence, the court was presented with a journal entry of judgment which was approved by plaintiff's attorney and was approved by defendant's attorney. It was an agreed journal entry. The court found proper cause for granting a divorce, and decreed the divorce, and thereafter approved the agreement of property disposition, alimony, and child support, and the court signed the journal entry and entered judgment accordingly.

" 'Insofar as disposition of property, alimony and child support was concerned, the matter was submitted to the court as a result of an agreement between the parties. The journal entry was agreed to in advance of the court hearing.' " *Rice v. Rice,* supra, p. 801.

Upon the hearing of the motion which is the subject of this appeal, the trial court again made findings of fact and conclusions of law. These, in pertinent part, read as follows:

"Plaintiff, on this motion now pending, termination of alimony, takes the position there was no 'separation agreement', but even if there was one, it was not in writing, and again, even if there was one, this court did not find the same to be just, valid, and equitable, as required by the statute, nor was it incorporated in the decree of divorce.

"Evidence produced on the hearing of this motion discloses that there were negotiations leading up to the approved journal entry; that all negotiations were between the attorneys for the respective parties and that the parties themselves did not negotiate directly with each other. The morning before the court hearing, plaintiff and his attorney, met with defendant's attorney, at which meeting the journal entry was finalized, and signed by the respective attorneys. This was on November 25, 1970. The plaintiff appeared at the court hearing on the divorce in person and by his attorney. Defendant made no personal appearance, nor by attorney being present on her behalf. The journal entry recites 19 separate findings, numbered, 3 of which deal with jurisdictional matters. The 16 other findings deal with custody of children, child support, medical insurance for the children, extraordinary medical and dental expense, provision for making the children irrevocable beneficiaries of life insurance having face values of over $100,000.00, provision for keeping

the insurance in force, transfer of title to the home to the wife, provision for payment of the mortgage on the home, division of automobiles, division of household furnishings, alimony at an increased rate for a time, then reduction to its present amount, and as to alimony, the journal entry recites the payments will continue to be payable on the first day of each month 'until defendant's death or remarriage' and will terminate in event of plaintiff's death. The journal entry does not provide for modification of alimony. The journal entry deals with contractual obligations of the parties other than the home mortgage, deals with plaintiff's property in his library, office equipment, and accounts receivable, deals with stocks, an airplane, use of boat, tax deductions for the children for income tax purposes, contingently owing income tax, attorney fees, etc. The journal entry is skillfully, artfully, and carefully drawn. Evidence of plaintiff at the trial was very brief. Evidence adduced at the trial itself would not permit the court to have made appropriate findings relating to these matters had they not been worked out in detail in advance, between the parties, acting through their attorneys. After a brief hearing, the journal entry, approved by the respective attorneys was presented to the court. The judge signed the journal entry. Each party was represented by a competent attorney known to the court. Surely, the act of the judge in signing the journal entry constituted a finding that the agreement was just, valid, and equitable.

"Plaintiff's attorney, during the course of the divorce hearing, alluded to the fact that there was not a 'formal agreement,' and thereafter studiously avoided use of the word 'agreement,' referring to 'proposed findings of the court,' etc. Plaintiff used the word 'agree,' or any form thereof, only once, and that is in relation with what he did agree to for carrying medical insurance.

"Can it seriously be contended that the provisions of the journal entry did not constitute an agreement? An attorney may agree on behalf of his client in regard to property matters and in regard to alimony matters. The divorce case was not contested in court to any degree or in any respect. Can it seriously be contended that had either party, in the absence of the other in court, urged the court to materially change the terms of the journal entry, that the absent party would not have claimed breach of agreement, even breach of ethics?

"On November 30, 1970, defendant's attorney wrote a letter to plaintiff's attorney, in evidence on this motion as plaintiff's exhibit # 1, in which it is written, in part, 'At the time we both approved the form of the Divorce Decree in this matter, we recognized the need for clarification of certain of its provisions, particularly in view of the fact that there is no formal property settlement agreement . . .' The letter then goes on to suggest the mechanics of certain transfer of properties, and to suggest some fuller explanation of what was meant by 'extraordinary medical expense,' mechanics of notice of life insurance changes, specificity in relation to household bills, housekeeping of the boat which the parties may both use, mechanics of transfer of certain bank stock, and paragraph 4 of this letter relates to valuation of the home, for tax purposes. In this paragraph 4, defendant's attorney states 'The property settlement was agreed to by Ellen, relying upon this figure.'

"The phrase 'separation agreement' used in the statute alludes to the contract of the parties. 'Separation agreement,' by judicial decisions, includes

matters of agreement relating to alimony. The reason for the statute is that parties may contract as to property and alimony, and if the contract is approved, courts may not alter the terms of the contract as it relates to these items.

"At 24 Am. Jur. 2d., Divorce and Separation, Sec. 886, page 1008, it is stated:

" 'Statutory requirements as to the manner of execution of separation agreements and property settlements must be complied with . . . in the absence of statute, however, the agreement does not need to be in writing. Except when lands are to pass, all these voluntary separation agreements and provisions may be made by parol or by writing, without seal, as well as by deed, and will have precisely the same effect either way.'

"This court is not aware of any requirement in Kansas law that a separation agreement must be in writing, and counsel have cited no authority to that effect.

"It has been said, with authority, that a contract may be made in any manner sufficient to show agreement; it may be oral or written, or implied from the conduct of the parties. An agreement is sufficient to constitute a contract although the exact time of its making cannot be determined. PIK 18.02.

"Even so, the journal entry, agreed to by the attorneys for the parties, is a written documentation of the agreement of the parties.

"It seems to this court that when the attorneys refer to 'no formal property settlement agreement' they both refer to a separate document signed by the parties, separate and apart from the journal entry.

"This court does not find any case from our Kansas Supreme Court, and counsel cite none, which specifically sets forth any particular requirements for the 'separation agreement,' other than general contract law. Certainly, under general contract law, the facts here would compel the conclusion that a contract had been agreed to between the parties.

"There is no provision in the agreement relating to modification of the alimony provision. This being the case, upon a determination that the parties did, in fact, enter into a separation agreement which fixed the amount of alimony, this court may not now alter the agreement, under the facts here shown. Plaintiff's motion is overruled. . . ."

Our statute, K. S. A. 1975 Supp. 60-1610 (d) provides as follows:

"If the parties have entered into a separation agreement which the court finds to be valid, just, and equitable, it shall be incorporated in the decree; and the provisions thereof on all matters settled thereby shall be confirmed in the decree except that any provisions for the custody, support, or education of the minor children shall be subject to the control of the court in accordance with all other provisions of this article. Matters, settled by such an agreement, other than matters pertaining to the custody, support, or education of the minor children, shall not be subject to subsequent modification by the court except as the agreement itself may prescribe or the parties may subsequently consent."

At the time of the hearing of plaintiff's motion, the defendant had not remarried and she did not consent to any modification. (Defendant's counsel advised us on oral argument that defendant has

remarried during the pendency of this appeal, hence the change in the caption above.) If an agreement concerning alimony is present, the statute bars modification by the courts absent any provision for modification in the agreement, and absent the consent of both parties. *Drummond v. Drummond*, 209 Kan. 86, 495 P. 2d 994; *Dodd v. Dodd*, 210 Kan. 50, 499 P. 2d 518; *In re Estate of Sweeney*, 210 Kan. 216, 500 P. 2d 56; *Cheek v. Kelley*, 212 Kan. 820, 512 P. 2d 355; and *Curtis v. Curtis*, 218 Kan. 130, 542 P. 2d 330.

In *Curtis*, we said:

"Payment of alimony settled by mutual agreement of the parties, found by the trial court to be valid, just and equitable, and incorporated in the divorce decree, is not subject to subsequent modification by the court except as the agreement itself may prescribe or the parties may consent. . . ." (p. 131.)

Appellant cites *Platt v. Davies, Admr.*, 82 Ohio App. 182, 77 N. E. 2d 486 and *Hellman v. Hellman*, 250 Minn. 422, 84 N. W. 2d 367, to support his position. Neither Ohio nor Minnesota have statutes analogous to K. S. A. 60-1610 (*d*). The cases are further distinguishable on the facts. The parties in *Platt* never entered into an agreement; and the husband in *Hellman* was seeking a modification of the decree, contending that the decree did not reflect the true agreement of the parties. Neither case is helpful.

Was there an agreement between these parties? The trial court so found and its finding appears to have substantial support in the record. The decree, aptly described by the trial court as "skillfully, artfully, and carefully drawn", was prepared in advance, approved by counsel, and submitted to the court for approval at the conclusion of what is described as brief testimony by the plaintiff. A letter between counsel, dated November 30, 1970, indicates that while there was no formal property settlement agreement, an agreement had been reached. The case was not contested and the decree, containing specific provisions for alimony, drawn and approved in advance, was submitted upon trial. The trial court found the agreement to be fair and approved it by entering the proposed decree. In *Rice v. Rice*, supra, we held that the decree, insofar as it provided for child support, was based upon an oral agreement of the parties. We reach the same conclusion with respect to the provisions for alimony. The fact that the agreement was oral is of no moment. The statute does not require that the agreement be in writing; further, the terms of the agree-

ment were fully set forth in the journal entry which was submitted to and approved by the trial court. We find no error.

The judgment is affirmed.

PRAGER, J., not participating.