No. 48,126

TAMARA SPAULDING, *Appellee*, v. JOHN S. SPAULDING, *Appellant*.

(561 P. 2d 420)

Opinion filed March 5, 1977.

*Robert V. Wells,* of Kansas City, argued the cause and was on the brief for the appellant.

*Joseph S. Davis, Jr.,* of Breyfogle, Gardner, Martin, Davis & Kreamer, of Olathe, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

KAUL, J.: Appellant, John S. Spaulding, M. D., appeals from an order of the trial court denying a motion to reduce alimony payments which had been agreed upon by him and his former wife, Tamara Spaulding, the appellee herein.

On October 17, 1972, appellee was granted a divorce from appellant. The parties had been married seventeen years and had an eight-year-old son. The decree of divorce disclosed that appellee appeared in person and by her attorney and that the appellant appeared by Keith K. Couch, one of his attorneys. Appellee was granted custody of the son, Andy J. Spaulding, subject to liberal rights of visitation by appellant. Appellant was directed to pay child support in the amount of $200.00 per month until the child reached twenty-one years of age or is "sooner emancipated and self-supporting or until further order of the court." Appellant is a medical doctor and, at all times involved in this litigation, he was employed as an associate professor at the University of Kansas Medical School. At the time of the divorce, appellant's salary was approximately $26,000.00.

Concerning the separation agreement of the parties the decree reads:

"5. That the parties have entered into a separation agreement which is filed herein and *which the court finds to be valid, just and equitable* and should be incorporated in this decree and made a part hereof by reference. The court grants leave of the parties to withdraw the same for filing with the Clerk of the District Court." (Emphasis supplied.)

The settlement agreement by its terms was declared to be contractual in nature and provided in detail for a division of the property owned by the parties at the time of the divorce. Paragraph five with which this appeal is concerned reads as follows:

"5. That John S. Spaulding shall pay to Tamara Spaulding the sum of $950.00 per month as future support denominated as alimony until the death or remarriage of the said Tamara Spaulding, and upon either event the obligation to pay alimony shall terminate absolutely. In addition to the aforesaid payments, John S. Spaulding shall pay Tamara S. Spaulding one-third of all increases or increments of salary which he shall receive as an employee of the State of Kansas or the University of Kansas Medical Center as 'cost of living' increases as additional alimony. Merit increases shall be exempt from such additional payments."

Paragraph six of the agreement provides for adjustment of the monthly alimony payments to reflect any increases or decreases in the cost of living, if appellant discontinued his employment with the State of Kansas at the University of Kansas Medical Center at any time in the future. Except for the cost of living adjustments, referred to in paragraphs five and six, there was no provision for modification or change of alimony prescribed by the agreement.

Appellant complied with the alimony provisions of the settlement agreement for more than two years until the motion in question was filed on May 9, 1975. Appellant asked that alimony payments be reduced or in the alternative to set aside the agreement as null and void or to relieve appellant from the terms of the portion of the agreement relating to alimony.

At the hearing on the motion, the appellee argued that, as a matter of law, appellant was not entitled to the relief sought and asked for summary judgment in her favor. After hearing appellant's offer of proof and arguments of counsel, the trial court sustained appellee's motion for summary judgment and this appeal followed.

In his motion appellant attacked the settlement agreement on eleven grounds. His offer of proof, however, centered on only two of the alleged grounds—(1) that the agreement was not voluntarily or knowingly entered into and (2) appellant entered into said

agreement under duress. As to number one, in his offer of proof, appellant announced his testimony would be that he was never advised by his Missouri counsel as to the effect of a separation agreement and that it was his understanding that at all times alimony could be negotiated downward. As to number two, appellant informed the trial court that he had two expert witnesses (psychiatrists) who were prepared to offer testimony that at the time the settlement was being negotiated, ". . . Dr. Spaulding [appellant] was being motivated solely by the fear of disastrous consequences of the wife and of the child, and was incapable of acting in his best interests." Appellant's testimony would be that appellee had a history of mental problems; that there were three or four suicide attempts; and that with this in mind, appellant gave in to the agreement through exhaustion and "fearing for the disastrous consequences."

The record of the hearing reflects that the trial judge referred back to the divorce proceedings over which he had presided. The court recalled it had ". . . made a finding of fact that the property settlement agreement was fair, just and equitable, . . ." The court observed that:

". . . The defendant at the time of his Answer was represented by the Morrison & Hecker firm of Kansas City, Missouri, in the person of Mr. Patzman, and further by Keith Couch of the Johnson County bar. . . ."

The court relied on K. S. A. 60-1610 [Amended L. 1976, Ch. 256, Sec. 1] in ruling on the motion. The court commented:

"Within the offer of proof, there is no way the court could find that there had been a fraud perpetrated. . . .

". . . We are faced with the proposition of the passage of time and the matter of the legal application of laches, estoppel and so forth. The fact that the defendant didn't understand the law, or that he might or might not have understood the contract, certainly cannot be the controlling circumstance."

The court concluded that it had no choice but to sustain the motion for summary judgment.

This case is controlled by K. S. A. 60-1610 (e) (formerly [d], see L. 1976, Ch. 256, Sec. 1.), which proscribes the subsequent modification of matters settled by a separation agreement, except certain matters set forth therein. The statute reads:

"(e) *Separation Agreement.* If the parties have entered into a separation agreement which the court finds to be valid, just, and equitable, it shall be incorporated in the decree; and the provisions thereof on all matters settled thereby shall be confirmed in the decree except that any provisions for the

custody, support, or education of the minor children shall be subject to the control of the court in accordance with all other provisions of this article. *Matters, settled by such an agreement, other than matters pertaining to the custody, support, or education of the minor children, shall not be subject to subsequent modification by the court except as the agreement itself may prescribe or the parties may subsequently consent.*" (Emphasis supplied.)

This court construed the foregoing provision in *Drummond v. Drummond,* 209 Kan. 86, 495 P. 2d 994, wherein we held:

"A party who seeks and obtains from a trial court its approval of a separation agreement and its incorporation in a judgment and thereafter accepts the benefits of the judgment cannot avoid its disadvantages by a motion to modify except as to those matters over which the court has continuing jurisdiction." (Syl. 5.)

The construction of the statute in *Drummond* has been adhered to in numerous subsequent cases. (See *Fiske v. Fiske,* 218 Kan. 132, 542 P. 2d 284; *Curtis v. Curtis,* 218 Kan. 130, 542 P. 2d 330; *Wallace v. Wallace,* 214 Kan. 344, 520 P. 2d 1221; *Cheek v. Kelley,* 212 Kan. 820, 512 P. 2d 355; and *Dodd v. Dodd,* 210 Kan. 50, 499 P. 2d 518.)

The statute was most recently considered in *Rice v. Rice,* 219 Kan. 569, 549 P. 2d 555, wherein the issue was raised in a framework somewhat similar to that at bar. We held:

"Where a decree of divorce, based upon an oral agreement of the parties, provides for the payment of alimony, such provisions of the decree are not subject to future modification where there are no provisions for modification in the agreement, and both parties do not consent to the proposed change." (Syl.)

The record reflects that appellee's petition for divorce was filed on May 23, 1972. The divorce action was not heard until almost six months thereafter on October 17, 1972. The record reflects that at the hearing on the motion to modify, appellee's counsel stated that the matters of alimony and division of property were negotiated throughout most of this period until appellant executed the agreement on September 22, 1972. This statement of counsel was unrefuted at the hearing. Appellant was represented by able and experienced counsel throughout the negotiations.

Appellant points out that in *Dodd v. Dodd,* supra, we said that separation agreements have always been subject to the scrutiny of the courts to prevent fraud and oppression. This is true, of course, and in finding that an agreement is valid, just, and equitable, as required by the statute, the agreement must be carefully scrutinized. The record reflects that in this case the agreement was examined by the trial court, both at trial and on motion to

modify. There was no evidence of fraud and in view of appellant's income, the agreement cannot be said to be oppressive.

When appellee's motion for summary judgment was presented, appellant was afforded a full opportunity to proffer evidence in support of his case. We agree with the trial court's finding that the proffered evidence, if taken as true, would not establish fraud. The agreement contained no provision for modification of alimony as sought by appellant. Under the circumstances summary judgment was proper.

Appellant cites *In re Estate of Sweeney*, 210 Kan. 216, 500 P. 2d 56. The question in *Sweeney* was the continuation of alimony payments from the husband's estate after his death. The case has no application to the issue herein.

The appellant accepted the benefits of the agreement and continued to abide by it for more than two and one-half years. Payment of alimony settled by mutual agreement of the parties, found by the trial court to be valid, just, and equitable, and incorporated in the decree of divorce, is not subject to subsequent modification by the court except as the agreement itself may prescribe or as the parties may consent.

The judgment is affirmed.