(573 P.2d 1103)
No. 48,952

RICHARD DONALD RASURE, *Appellee,* v. MILDRED ARLENE RASURE WRIGHT, *Appellant.*

Petition for review denied January 25, 1978.

Opinion filed December 9, 1977.

*Selby S. Soward* of Zuspann, Soward & Burr, of Goodland, for the appellant.

*B. E. Whalen* of Whalen, McGinley & Fairbanks, P.A., of Goodland, for the appellee.

Before SPENCER, P.J., FOTH and SWINEHART, JJ.

SWINEHART, J.: This is an appeal from the trial court's order terminating alimony payments made pursuant to a separation agreement between the parties and incorporated into a decree of divorce.

The divorce action was tried on September 10, 1971, with both parties appearing by their respective attorneys. At that time plaintiff-appellee withdrew his petition with the approval of the trial court and the trial proceeded on the cross-petition of the defendant-appellant as a default matter. During that trial, the parties presented to the court a written property settlement agreement which had been executed by the parties on that date. The divorce decree approved by the parties' attorneys stated that the court approved and confirmed the agreement, and specifically stated that the agreement constituted a part of the decree. Relevant portions of the agreement for the purpose of this appeal are as follows:

"7. Husband agrees to pay to wife in addition to the items above set forth, the further sum of Seventy-eight Thousand and no/100 dollars ($78,000.00), to be denominated as alimony in 121 consecutive monthly installments, the first payment to be made on October 1, 1971, in the sum of $644.62 with the remaining 119 payments to be made on the first of each month in the sum of $644.62 and the 121st payment in the amount of $645.60. No interest shall accrue on said payments so long as they are made when due.

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"THIS AGREEMENT shall be and become in full force and effect upon its approval by the District Court of Sherman County, Kansas in the above entitled matter and is not subject to modification, except as herein provided or as hereafter mutually agreed."

The appellant remarried on February 11, 1976, and in March, 1976, the appellee filed a motion to reduce or terminate the monthly alimony payments set out in the property settlement agreement. This motion was heard by the trial court, and on March 17, 1977, the trial court terminated Mr. Rasure's duty to make monthly alimony payments to Mrs. Wright, defendant-appellant.

The trial court, in its opinion dated March 17, 1977, and filed the same date, relied upon the law set forth in the cases of *Herzmark v. Herzmark,* 199 Kan. 48, 427 P.2d 465, and *Beck v. Beck,* 208 Kan. 148, 490 P.2d 628. The appellee husband also relies on these cases in support of the trial court's order terminating the alimony payments. In *Herzmark,* supra, the Supreme Court upheld the trial court's order terminating alimony payments when the wife remarried. Alimony, the court declared, means sustenance and support, and the court pointed out the inherent inequity of requiring the former husband to provide support for a woman who is entitled, by virtue of her present marital contract, to the support of another man. The court held that proof of a valid remarriage makes a prima facie case which requires the court to end alimony in the absence of proof of some extraordinary circumstances justifying its continuance. *Herzmark* is cited with approval in the *Beck* case.

However, both the appellee and the trial court have overlooked a significant distinction between the case at hand and the line of cases cited above. The alimony provision in the present case formed part of a property settlement agreement approved by both parties and the court, and incorporated into the divorce decree.

A brief examination of K.S.A. 60-1610, the statute governing divorce and related matters, and case law interpreting it will

reveal why this fact is so significant. K.S.A. 1976 Supp. 60-1610(*d*) and (*e*) are basically the same as the laws set forth in the 1971 supplement at subsections (*c*) and (*d*), and henceforth we will refer to these paragraphs as they presently exist in the statutes as subsection (*d*) dealing with maintenance and alimony and (*e*) dealing with separation agreements.

K.S.A. 60-1610 provides that a decree of divorce shall make provisions for the custody, support and education of minor children, and that the court may modify or change any order in connection therewith at any time, and shall always have jurisdiction to make any such order to advance the welfare of the minor child. Pursuant to subsection (*c*) the court has the right to divide the real and personal property of the parties. Subsection (*d*) provides that the court may award either party an allowance for future support to be denominated as alimony and the court may modify the amounts or other conditions for the payment of any portion of the alimony originally ordered and not already become due. However, said modification is limited where it has the effect of increasing or accelerating the liability for the unpaid alimony beyond what was prescribed in the original decree unless consented to by the party liable for said alimony. Subsection (*e*) provides that where the parties have entered into a separation agreement which the court finds to be valid, just and equitable, it shall be incorporated in the decree, and the provisions on all matters settled thereby shall be confirmed in the decree, except that any provisions for custody, support or education of minor children shall be subject to the control of the court in accordance with the other provisions of this article. Matters settled by such agreement, other than matters pertaining to custody, support or education of minor children, "shall not be subject to subsequent modification by the court except as the agreement itself may prescribe or the parties may subsequently consent."

In this case it is undisputed that we have a written agreement entitled "property settlement agreement" dated the 10th day of September, 1971, and executed by the parties on the same date. During the course of the trial, said agreement was marked as Exhibit A and received in evidence by the court. The trial court approved said agreement, confirmed said agreement, and ordered that it be constituted a part of the decree of divorce. The agreement stated that it "shall be and become in full force and effect

upon its approval by the District Court of Sherman County . . . and is not subject to modification, except as herein provided or as hereafter mutually agreed." This agreement executed by the parties did not provide for any type of modification, and there has not been a mutual agreement for the modification requested by the appellee. It would therefore appear that the court has no jurisdiction, for K.S.A. 60-1610(*c*) "division of property" does not grant the court continuing jurisdiction over matters settled by a contractual property settlement even though subsection (*d*) "maintenance" specifically authorizes the court to modify alimony payments.

Case law interpreting subsection (*e*) makes clear that matters settled by a contractual separation agreement which is subsequently adopted by the court as part of the divorce decree are not subject to later modification except as the agreement itself provides or by consent of the parties. *Spaulding v. Spaulding,* 221 Kan. 574, 578, 561 P.2d 420; *Rice v. Rice,* 219 Kan. 569, 573, 549 P.2d 555; *Curtis v. Curtis,* 218 Kan. 130, 542 P.2d 330; *Cheek v. Kelley,* 212 Kan. 820, 512 P.2d 355; *Drummond v. Drummond,* 209 Kan. 86, 92, 495 P.2d 994. This prohibition against subsequent modification extends equally to property division and alimony. "If an agreement concerning *alimony* is present, [K.S.A. 60-1610(*e*)] *bars modification by the courts* absent any provision for modification in the agreement, and absent the consent of both parties." *Rice,* supra, 573; emphasis supplied.

Both statutory and case law dictate a result contrary to that reached by the trial court. We therefore reverse the court's termination of the appellee's duty to make alimony payments to the appellant.

We next consider the appellee's contention that an alimony award to a wife pursuant to K.S.A. 60-1610 results in a denial of due process to a husband because the statute has unequal practical application. Without belaboring the distinction between due process and equal protection, we can dispose of the appellee's claim by pointing out that such a claim must fail unless the alleged injury is the result of a demonstrated state action: the 14th Amendment provides "nor shall any *State* deprive any person of life, liberty, or property, without due process of law. . . ." (Emphasis supplied.) Here, the appellee's claim of denial of due process stems from a freely and voluntarily executed contract

between himself and his ex-wife. He therefore cannot be heard to complain that he is being denied due process when his own contract is enforced by the court.

Judgment is reversed.