(603 P.2d 215)
No. 50,232

PATRICIA J. ALLEY, *Appellee,* v. KENNETH C. ALLEY, *Appellant.*

Petition for review denied January 29, 1980.

Opinion filed November 30, 1979.

*Jerry D. Bogle,* of Gott, Hope, Gott, Young & Saffels, P.A., of Wichita, for the appellant.

*Paul Arabia,* of Wichita, for the appellee.

Before FOTH, C.J., PARKS and MEYER, JJ.

PARKS, J.: This action arises out of a divorce proceeding between the parties in 1974, wherein defendant Kenneth Alley was ordered to pay alimony to the plaintiff, Patricia Alley. In 1978 he sent interrogatories to her requesting certain financial information, to which she objected. The trial court sustained her objection, holding that the court did not have authority to modify the amount of alimony under K.S.A. 1978 Supp. 60-1610(e) except for those modifications provided for in the agreement itself, or those to which the parties have consented. Although in form the trial court's order merely quashed the interrogatories, its ultimate effect was to terminate the post-divorce proceeding to modify alimony. Defendant appeals from this decision.

The property settlement agreement provided that defendant pay monthly installments of $2,000 to plaintiff for life or until she remarried. It further provided that the amount could be reduced only if defendant suffered "financial reverses" which were beyond his control, making it impossible for him to meet such

obligation. The alimony provision was incorporated into the journal entry, with the following sentence added:

"The Court further orders that the provisions of said property stipulation and agreement shall be modified so that the Court retains statutory jurisdiction over the amount of alimony awarded to the plaintiff."

The parties agree that this case is governed by the provisions of K.S.A. 1978 Supp. 60-1610(*d*) and (*e*), which state:

"(*d*) *Maintenance.* The decree may award to either party an allowance for future support denominated as alimony, in such amount as the court shall find to be fair, just and equitable under all of the circumstances. The decree may make the future payments conditional or terminable under circumstances prescribed therein. The allowance may be in a lump sum or in periodic payments or on a percentage of earnings or on any other basis. At any time, on a hearing with reasonable notice to the party affected, the court may modify the amounts or other conditions for the payment of any portion of the alimony originally awarded that have not already become due, but no modification shall be made, without the consent of the party liable for the alimony, if it has the effect of increasing or accelerating the liability for the unpaid alimony beyond what was prescribed in the original decree.

"(*e*) *Separation agreement.* If the parties have entered into a separation agreement which the court finds to be valid, just, and equitable, it shall be incorporated in the decree; and the provisions thereof on all matters settled thereby shall be confirmed in the decree except that any provisions for the custody, support, or education of the minor children shall be subject to the control of the court in accordance with all other provisions of this article. *Matters, settled by such an agreement, other than matters pertaining to the custody, support, or education of the minor children shall not be subject to subsequent modification by the court except as the agreement itself may prescribe or the parties may subsequently consent.*" (Emphasis added.)

It is well settled that if an approved separation agreement includes a provision for alimony, then under 60-1610(*e*), in the absence of a later agreement of the parties, the alimony award may be modified only if the separation agreement so provides. *Rasure v. Wright,* 1 Kan. App. 2d 699, 702, 573 P.2d 1103 (1977), *rev. denied* 225 Kan. 845 (1978); *Spaulding v. Spaulding,* 221 Kan. 574, 578, 561 P.2d 420 (1977). Plaintiff argues that since neither of the situations for change in the alimony amount (by operation of the agreement itself or by mutual consent) have occurred, the court is without jurisdiction to modify alimony payments in this case. Defendant relies on the language contained in the journal entry which indicates that the court retained jurisdiction over the alimony issue. The issue before us is whether the trial court retained continuing jurisdiction over the amount of alimony so as to make modifications apart from any agreed to by the parties or provided by the agreement itself.

Defendant does not argue that the *court* disapproved or modified the agreement's alimony provision. At oral argument counsel specifically disavowed any such contention. Rather, he contends that by submitting the agreed journal entry the *parties* altered their agreement by entrusting the whole matter of modification to the court without limitation. He cites *Rice v. Rice*, 213 Kan. 800, 518 P.2d 477 (1974), for the proposition that an agreed journal entry embodying the parties' prior oral agreement is a "separation agreement" under 60-1610(*e*).

This is not a *Rice* situation. At the time of the divorce hearing the separation agreement had been agreed to but not signed. Plaintiff testified as to its general terms, including the alimony modification provision, and defendant testified that her description was correct. The trial court, without the benefit of the written agreement, spoke a word of caution to counsel:

"The only thing I want to be sure the parties understand is that in any award of alimony, there is a provision in the law as to how and under what circumstances it may be modified. I simply pointed out to the parties that this is not—the right to modify it is not something that you gain by contract, it's a right that is built into the law; and any motion to modify it will be heard in accordance with the law, and that it won't be restricted beyond that, is what I'm saying."

Later in the proceeding when the trial judge rendered his decision, he said:

"The property settlement of the parties, as testified to by the plaintiff on the witness stand and affirmed as the agreement of both parties by the defendant and his counsel in open court, will be incorporated into the decree and made the order of this Court and all matters relating to the property contained therein will become final and unchangeable when the decree becomes final.

"Court also incorporates into its decree the parties' agreement as to alimony, *and it will be subject to change only in accordance with the statutes of the State of Kansas.*" (Emphasis added.)

The written agreement was executed by the parties later that day. It contained the limitation on alimony modification without any alteration from the way it had been explained to the court. The journal entry, submitted even later, contained the language quoted above which is relied on by defendant as being an agreed amendment to the separation agreement. The trial court rejected this interpretation of the parties' conduct, as do we. If there was really an intent to modify the separation agreement, there was ample opportunity to do so after the hearing and before it was executed. At that time the parties already had the benefit of the

trial court's remarks. As we see it, the critical language was inserted in the journal entry not to reflect a subsequent agreement of the parties but to reflect the trial court's observations that modification of alimony is governed by statute.

The statute makes it clear that matters settled by a contractual separation agreement are not subject to later modification except as the agreement itself provides or by consent of the parties. In this case the agreement permitted modification only in one contingency, *i.e.,* the suffering of financial reverses by defendant under specific conditions. Both by statute and by the court's reference to the statute the court's power to modify the agreement as to alimony was limited to the terms of the agreement.

Thus, we agree with the trial court that it was without authority to modify the alimony award unless it related to the "financial reverses" of the defendant or by consent of the parties. In the absence of a claim that defendant had suffered financial reverses, the court properly sustained plaintiff's objection to the interrogatories.

Affirmed.