(637 P.2d 429)
No. 52,431

BARBARA K. KRAUS a/k/a KEARNS, *Plaintiff-Appellee and Cross-Appellant,* v. DONALD W. KRAUS, *Defendant-Appellant and Cross-Appellee.*

Opinion filed December 3, 1981.

*Paul D. Post,* of Topeka, for appellant.

*Gary B. Harbaugh,* deputy district court trustee, of Topeka, for appellee.

Before JUSTICE HOLMES, presiding; MEYER, J.; and HARRY G. MILLER, District Judge Retired, assigned.

MILLER, J.: This appeal involves an order of the district court reducing the amount falling due under a nonapportioned support order for two children entered at the time of a divorce where, prior to the decision in *Brady v. Brady,* 225 Kan. 485, 491, 592 P.2d 865 (1979), one child was adopted by the plaintiff's present husband.

The plaintiff and defendant were married in 1965. Defendant thereafter adopted Eric, plaintiff's child by her previous marriage, and one child, Todd, was born of the marriage. The parties were divorced in 1969, and the defendant was ordered to pay $40.00 per week as support for the two children. Subsequently, plaintiff remarried, and her present husband, John Kearns,

adopted Eric with the defendant's consent. The adoption order was entered on January 7, 1976.

At the time of the adoption, the defendant was in arrears in his child support in the amount of $1,280.00 plus accrued interest. The parties entered into an agreement for the payment of support, the terms of which are disputed. Defendant says that it was agreed that he would continue to pay $40.00 per week, that $130.00 would be applied for the support of Todd and the balance applied to the arrearage. Plaintiff's version was that defendant agreed to pay the arrearage in full and to continue support for Todd at $130.00 per month. The agreement was never reduced to writing or made an order of the court.

After numerous garnishments to collect the arrearage, the defendant, in January 1980, filed a motion seeking a retroactive modification and reduction of the support order going back to January 7, 1976. The district court ruled that the agreement of the parties was not binding on the court and ordered that the amount falling due under the original support order should be reduced by one-half from the date of the *Brady* decision forward, but not from the date of the adoption. The defendant has appealed the decision not to retroactively modify the order back to the date of the adoption, and the plaintiff has appealed the court's refusal to consider the parties' post-divorce agreement and modification of the order back to the date of the *Brady* decision.

It is defendant's contention that his obligation to support Eric terminated upon the adoption of Eric. The weight of authority undoubtedly supports this view. 2 Am. Jr. 2d, Adoption § 87, p. 930. As a result, he contends that the support order should have been reduced to $20.00 per week as of the date of the adoption, and that after that date the district court had no further jurisdiction to make or enforce any order against him for the support of Eric.

The issue is not, however, jurisdictional, or whether the adoption decree terminated defendant's obligation to further support Eric. It *is* whether the nonapportioned order for the support of the two children was proportionately severable as a matter of law as of the date of the adoption.

Defendant's position ignores the effect of the prior existing order over which the district court, concededly, had continuing jurisdiction over the parties and the support order for the purposes of determining what a proper support order should be for

the remaining child and to what extent the existing order should be reduced or increased, if appropriate, in the light of the changed circumstances. Prior to *Brady*, such jurisdiction was exercised only upon proper motion filed by one of the parties (K.S.A. 1980 Supp. 60-1610), and the existing support order continued until so modified by the court.

*Brady* held that in this state, prospectively after April 1, 1979, modification of such a support order is no longer dependent upon a court order pursuant to a motion under K.S.A. 1980 Supp. 60-1610, but the order is to be reduced proportionately without further order as of the time of the child's emancipation or going to live with the obligor. We perceive no difference in principle where the father's obligation to support his child is terminated by an adoption. The court, in applying the principles of *Brady*, did not retroactively modify the original support order. Rather, it found that the amount of support due under the original order was reduced as of the date of *Brady* because of the adoption of Eric. We conclude that this was correct.

Plaintiff has also appealed the district court's refusal to consider the parties' post-divorce agreement on child support. Plaintiff contends that since defendant breached the agreement by failure to pay the arrearage, he is precluded from the benefit of the proposed reduction to $130.00 per month, and that the order for $40.00 per week continued until modified by the court. In this state, however, such an agreement is not binding upon the court. *Thompson v. Thompson*, 205 Kan. 630, 470 P.2d 787 (1970).

The judgment of the district court is affirmed.