(689 P.2d 917)
No. 56,307

REGINA M. CAREY, *Appellee,* v. WILLIAM M. CAREY, *Appellant.*

Opinion filed October 25, 1984.

*J. R. Russell,* of J. R. Russell, Chartered, of Kansas City, for the appellant.
*LaVone A. Daily,* of Scott & Daily, Chartered, of Kansas City, for the appellee.

Before FOTH, C.J., ABBOTT and SWINEHART, JJ.

FOTH, C.J.: William Carey appeals from an order denying his post-trial motion to reduce child support payments.

In April, 1982, Regina Carey petitioned for divorce from William Carey. At the time of the divorce, two of the parties' four children were minors. In the decree filed August 3, 1982, defendant was ordered to pay $340.00 per month as "family support and alimony." A year later William Carey moved to reduce his support obligation by one-third because one of the two minor children had reached majority. The district court denied the motion. William appeals.

On appeal, William relies solely on *Brady v. Brady,* 225 Kan. 485, 592 P.2d 865 (1979), arguing that case mandates a reduction in support because one child has reached the age of majority. Regina, on the other hand, argues this case involves a settlement agreement which the court is without power to modify absent provision in the agreement or consent of the parties.

The journal entry and decree of divorce reflects agreement of the parties to so structure payments that William could deduct them in full for federal income tax purposes. Relevant portions of the decree provide:

"4. That defendant shall pay to plaintiff the sum of $340.00 per month, designated as "Family support and Alimony" under the Lester Doctrine, payable monthly on the first day of each month, beginning on the first day of August, 1982, and continuing on the first day of each month thereafter until plaintiff's death or remarriage.

"5. That plaintiff shall be entitled to claim the parties' minor children as her dependency exemptions and as a deduction for Federal, State and local income tax purposes.

"6. The plaintiff acknowledges that all the payments provided for herein are periodic payments, to be included and intended to be included, with the income of the wife within the meaning and intent of the United States Internal Revenue Code of 1954, as amended, and to be deductible from the defendant's gross income, pursuant to the provisions of the United States Internal Revenue Code of 1954, as amended. The plaintiff agrees that all payments shall be included as income of the plaintiff in her Federal and State income tax returns and that she shall pay taxes as may be required as the result of such inclusion.

"In the event of any Court decision, Internal Revenue regulation, ruling or determination, or in the event that at any time after the date hereof the laws applicable to the payments by the defendant to the plaintiff under this family support and alimony provision are changed and such decision, regulation, ruling, determination or statutory amendment results in the defendant being prohibited or prevented from deducting in whole or in part on his income tax return any and all of the payments of said money paid to the plaintiff under this provision, or such deduction is otherwise disallowed wholly or partially, the payments required to be made herein by the defendant to the plaintiff for her support shall be renegotiated by the parties. In any renegotiation, the parties shall consider the extent to which the plaintiff, by reason of such event, is relieved from the payment of Federal and State income taxes and the amount of the additional Federal and State income taxes imposed upon the defendant. Should the parties fail to agree, the issue shall be submitted to the District Court of Wyandotte County, Kansas for determination as to the amount of the reduction of the defendant's obligation by reason of such tax changes."

The so-called Lester Doctrine arises from *Commissioner v. Lester*, 366 U.S. 299, 6 L.Ed.2d 306, 81 S.Ct. 1343 (1961), a suit to recover personal income tax deficiencies. At issue were defendant's deductions of support payments made to his former wife pursuant to a written agreement approved by the divorce court. 366 U.S. at 300. The United States Supreme Court held that an agreement which "calls merely for the payment of certain monies to the wife for the support of herself and the children" does not "fix" the amount of support going to the children within the meaning of the Internal Revenue Code. 366 U.S. at 304-05. Lester could not have deducted any amount fixed as child support; because the whole was characterized as alimony, he was allowed the deduction.

The difficulty in the case at bar lies in the unallocated nature of the "family support and alimony" provision contained in the decree. The term "family support" when used in conjunction with "alimony" indicates that child support was contemplated.

Defendant had in fact been paying $100.00 a month child support under a temporary order. The court retains jurisdiction to modify child support payments on change of circumstances. K.S.A. 60-1610(a). See generally 24 Am. Jur. 2d, Divorce and Separation § 847. The parties cannot, by agreement, divest the court of this power. See, *e.g.*, *Tyler v. Tyler,* 203 Kan. 565, 572, 455 P.2d 538 (1969); *Kraus v. Kraus,* 6 Kan. App. 2d 979, 981, 637 P.2d 429 (1981); K.S.A. 60-1610(b)(3) (in substance, the same as K.S.A. 1981 Supp. 60-1610[f]).

On the other hand, the attention to tax considerations in the decree indicates the parties reached an agreement on support payments. That their agreement was apparently oral does not matter. *Rice v. Rice,* 219 Kan. 569, 573, 549 P.2d 555 (1976). The court retains no jurisdiction to modify alimony set by agreement except as the agreement provides or by consent of the parties. See, *e.g.*, *Spaulding v. Spaulding,* 221 Kan. 574, 578, 561 P.2d 420 (1977); *Curtis v. Curtis,* 218 Kan. 130, 131, 542 P.2d 330 (1975); *In re Estate of Sweeney,* 210 Kan. 216, 224, 500 P.2d 56 (1972); *Feldmann v. Feldmann,* 179 Kan. 109, Syl. ¶ 1, 292 P.2d 716 (1956); *Rasure v. Wright,* 1 Kan. App. 2d 699, 701, 573 P.2d 1103 (1977), *rev. denied* 225 Kan. 845 (1978); K.S.A. 60-1610(b)(3).

The decree, despite indications that child support was included, contains no indication of anticipated allocation between alimony and child support. If the decree allocated a sum as child support, however indirectly, that sum could be terminated pro rata as each child reaches majority. *Brady v. Brady,* 225 Kan. at 491-92. Because the decree provides an unallocated sum by agreement of the parties which a court has no basis for allocating, the sum can be reduced only as the agreement provides, upon the former wife's death or remarriage or upon certain changes in the Internal Revenue Code. Defendant is bound by the terms of the agreement.

We express no opinion on the result in a case in which the agreement contains internal indicators that apportionment of alimony and child support within a family support agreement was intended. See, *e.g.*, *Carter v. Carter,* 215 Va. 475, 211 S.E.2d 253 (1975).

Affirmed.

ABBOTT, J., concurring: I would like to emphasize that the record before us contains a post-trial motion by Mr. Carey requesting that the monthly payment be reduced by one-third because one of the children "has now turned 18." Mrs. Carey responded that Mr. Carey had agreed to pay $340 per month until her death or remarriage. A hearing was held. We are not provided with a transcript of that hearing and thus have no way of knowing what issues were raised, what position the parties took, or what evidence (if any) was presented.

The trial court then denied Mr. Carey's motion to reduce the support payments. The journal entry denying Mr. Carey's motion contains no information concerning what transpired, and no findings of fact or conclusions of law are set forth in the order. The record does not indicate that a request was made for additional findings of fact. Mr. Carey does not question the trial court's failure to explain its reasons for refusing to reduce the payment. Mr. Carey's brief relies solely on *Brady v. Brady*, 225 Kan. 485, 592 P.2d 865 (1979). Mr. Carey has the burden of showing error by the trial court. He has failed to do so, and I would affirm on that basis.