(750 P.2d 1059)

No. 60,919

JAMES D. BEARD, *Appellee*, v. EDWINA L. BEARD, *Appellant*.

Opinion filed March 3, 1988.

*Melvin L. Howell*, of Juhnke & Howell, of Hutchinson, for appellant.

*John H. Shaffer*, of Weinlood, Cole, Shaffer & Lee, of Hutchinson, for appellee.

Before SIX, P.J., BRAZIL and ELLIOTT, JJ.

BRAZIL, J.: Edwina L. Beard appeals from the district court's order denying her motion to establish child support. The court found that it was without power to allocate a portion of the support and maintenance paid by James D. Beard as child

support, or to modify the amount paid, or to establish support independent of the Beards' property settlement agreement which had been approved by the court at the time of the Beards' divorce. We reverse and remand.

James D. and Edwina L. Beard were married on August 20, 1961. Two children were born of the marriage: Brenda Kay (d.o.b. April 2, 1968) and Beth Ann (d.o.b October 20, 1972).

On May 28, 1981, Mr. Beard filed for divorce. He was represented by an attorney in the divorce action, but Mrs. Beard was not. Mr. Beard's attorney drafted a property settlement agreement which was signed by both parties. Mrs. Beard's lack of representation is not an issue in her appeal.

The parties' property settlement agreement contains the following provisions regarding support and maintenance of Mrs. Beard and the parties' children:

"11. James agrees to make the following payments to Edwina for the support and maintenance of herself and the two minor children of the parties, . . . :

"a. The sum of $1,050.00 per month . . . ; and

"b. The sum of $2,500.00 in 1981 . . . following the end of the partnership year of Pierce, Faris, Cochran and Sutton . . . ; and

"c. For each year following 1981, the sum of $2,500.00 increased or decreased by a sum equal to the same percentage of increase or decrease in the gross income of James as reflected by his federal income tax return, as filed . . . ;

"d. In the event that any one of the children of the parties hereto attains age of majority, marries, becomes emancipated or dies, then the payments herein specified shall on the happening of each such event be reduced in a sum equal to twenty-five percent of the payments which would thereafter otherwise accrue and be payable in accordance with the terms and provisions hereof;

"e. All payments herein specified shall cease upon the death of James or Edwina;

"f. In the event of the remarriage of Edwina or upon Edwina's commencing to live with a person of the opposite sex, the payments herein specified shall on the happening of such event be reduced in a sum equal to fifty percent of the payments which would thereafter otherwise accrue and be payable in accordance with the terms and provisions hereof.

. . . .

"12. The obligation of James to make the payments above provided for, for the support and maintenance of Edwina and the two minor children of the parties shall be subject to modification from time to time during the lifetime of James in accordance with changes in his financial circumstances, subject, however, to the limitation that such payments shall not be subject to increase without his consent; and in the event the parties are unable to agree upon such modification, the District Court of Reno County, Kansas may modify such payments and James

and Edwina shall be bound by any such modification subject to the limitations above set forth and subject further to the provision that it is the intent of the parties hereto that no decrease in said monthly payments shall be made which shall have the effect of decreasing such monthly payments unless the financial circumstances of James have so changed that James is unable to provide for his reasonable needs, the support of the minor children of the parties and make the payments required by this agreement. In the event that either party hereto requests a modification of said payments as above set forth, the District Court of Reno County, Kansas shall consider the following factors: a. The ability of James to make such payments based upon his income from all sources; b. The reasonable needs of Edwina; c. The reasonable needs of James; d. The reasonable needs of the children of the parties during their minority; e. The intent of the parties as set forth in this agreement."

For tax purposes the agreement did not explicitly apportion the amount designated as "support and maintenance" between child support and spousal maintenance, which made the entire amount deductible to Mr. Beard and taxable to Mrs. Beard. On August 4, 1981, the court found the property settlement agreement to be valid, just, and equitable and incorporated it into the divorce decree.

On December 9, 1986, Mrs. Beard filed a motion requesting the court to establish child support for the couple's minor child, Beth Ann. The district court noted that the sum designated as "support and maintenance" for Mrs. Beard and the minor children was not allocated between spousal maintenance and child support and that the court was without power to allocate the payments, to modify alimony set by the agreement, or to establish child support independent of the agreement.

1. Could the district court allocate payments between child support and alimony and then modify the child support?

Mrs. Beard contends that the district court's conclusions that it could not allocate the support and maintenance payments between herself and the children and could not modify alimony set by agreement are contrary to K.S.A. 1987 Supp. 60-1610(a)(1) and (b)(3). Mrs. Beard also contends that the court's reliance on *Carey v. Carey*, 9 Kan. App. 2d 779, 689 P.2d 917 (1984), is misplaced.

The district court retains jurisdiction to modify child support payments when a material change in circumstances is shown. K.S.A. 1987 Supp. 60-1610(a)(1); *Carey v. Carey*, 9 Kan. App. 2d

at 781. Even when the parties have entered into a separation agreement which is incorporated into the divorce decree, as in the present case, provisions for the custody, support, or education of the minor children remain subject to the control of the court. K.S.A. 1987 Supp. 60-1610(b)(3). "The parties cannot, by agreement, divest the court of this power." 9 Kan. App. 2d at 781.

The support and maintenance payment in the property settlement agreement in the present case did not allocate the amount between alimony, which cannot be modified by the district court, and child support, which the district court does have jurisdiction to modify. 9 Kan. App. 2d at 781; K.S.A. 1987 Supp. 60-1610(b)(3). In *Carey*, the court concluded that, "where a property settlement agreement incorporated in a divorce decree fixes a sum to be paid as 'family support and alimony,' with [apportionment between child support and spousal maintenance not indicated,] the trial court has no authority to modify the order in the absence of a provision in the settlement agreement or [by] consent of the parties." 9 Kan. App. 2d 779, Syl. ¶ 1. See *Feldmann v. Feldmann*, 179 Kan. 109, 292 P.2d 716 (1956). Under these cases, the district court was correct in concluding that it could not modify the amount designated as "support and maintenance" in the settlement agreement.

Rather than ending its inquiry at that point, however, the *Carey* court raised the possibility that a different result might be reached if the district court had some basis for apportioning an unallocated sum between spousal support and child support. The court stated: "We express no opinion on the result in a case in which the agreement contains internal indicators that apportionment of alimony and child support within a family support agreement was intended. See, *e.g.*, *Carter v. Carter*, 215 Va. 475, 211 S.E.2d 253 (1975)." 9 Kan. App. 2d at 781.

The instant case presents the situation contemplated by the *Carey* court. The Beard settlement agreement does contain "internal indicators that apportionment of alimony and child support within a family support agreement was intended." 9 Kan. App. 2d at 781. Mr. Beard's payments were to be reduced by twenty-five percent in the event either of the children attained the age of majority, married, became emancipated, or died. Mr. Beard did, in fact, reduce his payments by twenty-five percent

when his elder daughter reached age eighteen. The payments were to be reduced by fifty percent in the event Mrs. Beard remarried or commenced living with a person of the opposite sex. By the terms of the settlement agreement, twenty-five percent of Mr. Beard's original $1,050 monthly payment, or $262.50, could be allocated as child support for his minor daughter. The agreement contains not only "internal indicators that apportionment . . . was intended," 9 Kan. App. 2d at 781, but provides the exact percentages intended as support for each child and as maintenance for Mrs. Beard.

2. Could the district court establish child support independent of the property settlement agreement?

The Beards both agree that the property settlement agreement was intended as a *Lester* agreement.

"The so-called Lester Doctrine arises from *Commissioner v. Lester*, 366 U.S. 299, 6 L. Ed. 2d 306, 81 S. Ct. 1343 (1961), a suit to recover personal income tax deficiencies. At issue were defendant's deductions of support payments made to his former wife pursuant to a written agreement approved by the divorce court. 366 U.S. at 300. The United States Supreme Court held that an agreement which 'calls merely for the payment of certain monies to the wife for the support of herself and the children' does not 'fix' the amount of support going to the children within the meaning of the Internal Revenue Code. 366 U.S. at 304-05. Lester could not have deducted any amount fixed as child support; because the whole was characterized as alimony, he was allowed the deduction." 9 Kan. App. 2d at 780.

It is our understanding that the *Lester* Doctrine has been over-ruled by the Deficit Reduction Act of 1984 (also called Tax Reform Act of 1984), but the tax ramifications of those changes need not be considered by us.

In the present case, the Beards' agreement was drafted so as to allow Mr. Beard to deduct the entire amount of support and maintenance payments for tax purposes and to require Mrs. Beard to include the payments as income to her for tax purposes.

The court in *Carey* did not find it necessary to express an opinion as to the result in a case such as the present case. Neither do we need to reach that question because the district court could have established child support in a separate order without modifying the Beards' settlement agreement.

Notwithstanding the tax considerations, our only concern is the continuing obligation of the district court to make provision

for the support and education of the minor child (K.S.A. 1987 Supp. 60-1610[a][1]) while at the same time respecting the rights of the Beards to enter into a separation agreement not subject to court modification except as provided by statute. K.S.A. 1987 Supp. 60-1610(b)(3).

In the present case, we see no reason why the district court cannot enter a child support order separate and apart from the original agreement taking into account the income of Mr. Beard (excluding his present support and maintenance payments) and the income of Mrs. Beard (including the present support and maintenance payments).

We see nothing in the *Carey* opinion that would preclude a separate child support order.

In addition, on remand the district court will also need to consider any other relevant evidence presented by the parties together with the appropriate child support guidelines.

Reversed and remanded.