No. 47,116

E. RICE, *Appellant*, v. E. RICE, *Appellee*.

(518 P. 2d 477)

Opinion filed January 26, 1974.

*Richard R. Funk*, of Colmery, McClure, Funk and Hannah, of Topeka, argued the cause and was on the brief for the appellant.

*Edward L. Bailey*, of Cosgrove, Webb and Oman, of Topeka, argued the cause, and *William B. McElhenny*, of the same firm, was with him on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: In this aftermath of a divorce proceeding the father appeals from an order denying his motion to terminate his obligation to pay support money for one of the parties' children after that child had become eighteen years of age.

The issue is whether appellant's liability to pay child support under the divorce decree is altered by reason of the enactment of K. S. A. 1972 Supp. 38-101, which became effective July 1, 1972, and provides:

"The period of minority extends in males and females to the age of eighteen (18) years."

At the time the divorce decree was entered the period of minority, when determined on the factor of age alone, extended to twenty-one years (K. S. A. 38-101).

The appellant husband and father, E. Rice, otherwise known as Ernest J. Rice, filed the divorce action in the district court of Wabaunsee county, Kansas. The appellee wife and mother, E. Rice, otherwise known as Ellen L. Rice, entered her voluntary appearance in the case. Subsequently, on November 25, 1970, appellant was granted a divorce. At that time the parties were the parents of three children, a son Stephen, aged sixteen years, a daughter Linda, aged twelve, and a son Michael, aged eleven. Appellee was awarded their custody and appellant was directed to pay 'support. Further facts respecting the divorce hearing and the judgment actually entered appear in the trial court's memorandum opinion denying appellant's present motion, along with its findings and conclusions in ruling on that motion. We quote pertinent portions thereof:

"At the court hearing, plaintiff appeared in person and by his attorney. Defendant did not appear at the court hearing either personally or by attorney. The Court heard evidence of the plaintiff, both as to grounds for divorce and as to property and child support. The evidence disclosed an agreement between the parties as to child support, disposition of property, and alimony. Following production of evidence, the court was presented with a journal entry of judgment which was approved by plaintiff's attorney and was approved by defendant's attorney. It was an agreed journal entry. The court found proper cause for granting a divorce, and decreed the divorce, and thereafter approved the agreement of property disposition, alimony, and child support, and the court signed the journal entry and entered judgment accordingly.

"Insofar as disposition of property, alimony, and child support was concerned, the matter was submitted to the court as a result of an agreement between the parties. The journal entry was agreed to in advance of the court hearing.

"As to child support, the decree recites, both in the findings and the order portion,

" 'that as and for the support, care, education, and maintenance of said minor children, plaintiff be and he is hereby ordered to pay defendant, through the Clerk of the above entitled District Court, commencing December 1, 1970, the sum of $150.00 per month per child until each child reaches his majority or until the further order of the court. . . .'

"Paragraph 8 of the findings of the Journal Entry relates to life insurance matters, and gives plaintiff certain rights relating to such insurance upon the children attaining age 21.

"Stephen Rice, one of the children, became 18 years of age on October 6, 1972. Plaintiff files a motion to terminate legal obligation to pay child support to Stephen upon his attaining age 18 years. Defendant resists the motion, con-

tending plaintiff's legal obligation as to child support continues until Stephen is 21 years of age.

"In fairness to plaintiff, plaintiff advises orally that he merely wishes to pay support direct to the child, rather than through the court to the defendant. However, that is not the context in which the matter is presented to the court, and the court, therefore, must decide the matter strictly on the question of whether or not the legal obligation to pay child support terminates at age 18.

"Plaintiff does not produce any evidence relating to changed circumstances of either of the parties or of the child.

"At the time of the divorce hearing, a child reached the age of majority at age 21; at the time of hearing the motion involved herein, a child reached the age of majority at age 18; this by act of the Legislature.

"Parties may contract in relation to length of time of payment of child support. In re Estate of Sweeney, 210 Kan. 216.

"Generally, a contract, in the absence of other showing, relates to the law then in existence—in existence at the time of entering into the contract. 17 Am. Jur., Contracts, Sec. 257. Hatcher's Digest, Contracts, Sec. 48.

"It is clear to the court that the child support was a matter of agreement, contract, between the parties. In construing such a contract, the intention of the parties must be ascertained, of course, and here, the court concludes that the 'age of majority' referred to relates to the then existing law of 21 years.

"The court concludes the plaintiff is legally obligated, under the circumstances here shown, to continue child support for Stephen until he attains the age of 21 years, payments to be continued through the Clerk of this Court."

Paragraph 8 of the findings in the journal entry in the divorce decree, referred to in the trial court's memorandum opinion, stated:

"That plaintiff should make the three children of the parties the irrevocable beneficiaries of an undivided one-third each of his life insurance policies having a face value of $106,500 during the children's minorities, plaintiff to have the right to name contingent beneficiaries on said policies to take effect upon any of his said children having attained the age of 21 years, said policies being described as follows: [seven separately described policies]."

It appears that a court reporter was present and recorded the proceedings of the divorce hearing. In ruling upon appellant's present motion the trial court had a transcript of those proceedings before it; no other evidence was presented upon the hearing of that motion.

Appellant first contends the trial court erred in concluding the divorce decree constituted a contract between the parties and further, he asserts that in the absence of any such contract his obligation to support is controlled solely by K. S. A. 1972 Supp. 60-1610 (a), which contemplates provision of support for children only during their minority. The argument is simply that the divorce decree makes no mention of an agreement or stipulation. We think a more accurate interpretation of the trial court's order is that it found the

evidence disclosed and understanding between the parties as to child support and that the journal entry approved by counsel for both parties was reflective of that agreement. The evidence at the divorce hearing amply supports that finding, e. g., the transcript reveals the following:

"Q. Now, Mr. Rice, we don't have a formal agreement, but included in the findings of the Court, the proposed findings and others, provides that you are to pay Ellen, for the support of the children, $150.00 per month per child during their minority.

"A. Yes.

. . . . . . . . . . . .

"THE COURT: For the record, Mr. Rice, your wife's attorney is Mr. William B. McElhenny?

"A. Yes, sir.

"THE COURT: Has your wife consulted him at length with regard to the property matters?

"A. I know she has, not only from talking with her, but in talking with Mr. McElhenny. In fact, he was out this morning for several hours in the final culmination of this.

"THE COURT: To your personal knowledge this is agreeable with her.

"A. Yes, sir.

"THE COURT: What about custody? Is that taken care of.

"A. She is awarded custody.

"MR. FUNK: It provides custody.

"THE COURT: With reasonable rights of visitation, which I anticipate no problem. Well, now—I didn't write as fast as he talked about this seven hundred and nine hundred dollars.

"MR. FUNK: It's set forth in detail, Your Honor."

No evidence pertinent to a determination of child support was offered. Manifestly, the record reveals an agreement between the parties, albeit oral and somewhat tacit in nature, the terms of which were those stated in the journal entry.

This court has recognized the right of parties in a divorce action to contract for the payment of support money for their children beyond the obligation or duty of support fixed by law (see *In re Estate of Sweeney,* 210 Kan. 216, 500 P. 2d 56; *Clark v. Chipman,* 212 Kan. 259, 510 P. 2d 1257). Concomitant with this rule, however, is that recognized in *Sweeney* that where a greater liability for child support than that prescribed by law is sought to be imposed pursuant to contract, such intention must be clearly expressed in the contract.

The difficult question here is the nature of the parties' agreement as found by the trial court and supported by the evidence before it. That evidence was wholly documentary in form—the transcript of

the divorce hearing and the journal entry of judgment—neither party having offered extrinsic evidence, and the issue of construction becomes one of law. The trial court did make reference to paragraph 8 of the journal entry wherein appellant was granted certain rights in his life insurance upon the children attaining age twenty-one years and in which paragraph it was required that the children be made irrevocable beneficiaries of the insurance during their minorities. Nonetheless, it appears that neither the court's finding nor the rationale of its decision was based upon mention in the journal entry of appellant's life insurance—an item entirely separate and apart from that of child support—but rather upon the principle of law that a contract, in the absence of other showing, relates to the law then in existence. More importantly, it cannot be said the parties' agreement clearly expressed any intention to impose greater liability for child support than that 'imposed by law, that is, during their minority, and no such construction imposing greater liability is sustainable by the record. We have then no more than an oral agreement between the parties, incorporated in a divorce decree, that appellant shall pay support money for the children until each child reaches his majority—the same obligation contemplated under 60-1610 (a).

Appellee contends that statutes affecting substantive rights are not to be applied retrospectively to affect any right accrued or any duty imposed, and that the new statute effective July 1, 1972, which lowers the age of majority, is such a statute. In support she cites a Connecticut trial court decision so declaring in a similar situation (*Vicino v. Vicino*, 30 Conn. Sup. 49, 298 A. 2d 241). We recently considered this decision, along with the same arguments advanced by appellee here, and rejected them in *Jungjohann v. Jungjohann*, 213 Kan. 329, 516 P. 2d 904. There a divorce decree was entered February 2, 1970. The decree approved and incorporated a written agreement of the parties previously entered into respecting their property, alimony rights, child custody and support. The agreement provided that the husband should pay as child support a monthly sum "until said child attains the age of majority". The child became eighteen years of age August 5, 1971. Shortly after the effective date of K. S. A. 1972 Supp. 38-101, the husband filed his motion to terminate his obligation of support. The trial court sustained the motion and this court affirmed. We will not iterate our discussion nor the authorities cited in reaching that conclusion. Suffice it to say the same contentions and arguments as advanced

by the respective parties here were considered and dealt with there, our holding upon which was summarized in the syllabus as follows:

"The condition of minority is a status rather than a fixed or vested right, there being no vested property rights in the personal privileges of minority.

"Where, by a decree of divorce, a defendant is required to make child support payments until a child reaches the age of majority, the duty imposed by such decree is terminated by K. S. A. 1972 Supp. 38-101 on the effective date thereof where prior to its effective date the child had become eighteen years of age.

"In this jurisdiction a child has no vested right in future child support.

"K. S. A. 1972 Supp. 60-1610 ( a ), pertaining to orders for the care of minor children in a decree of divorce, contemplates that provisions for the care of children are to be made only during their minority.

"The provisions of K. S. A. 1972 Supp. 38-101 are examined and *held* not to operate retrospectively under the circumstances set forth in the opinion." (Syl. ¶¶ 1-5.)

The situation in *Jungjohann* differs from that in the case at bar in but two respects—there the parties' agreement that the father pay support money until the child attained the age of majority was written, here it was oral; there the child attained age eighteen prior to the effective date of the new enactment reducing the age of majority, here the child became eighteen after the new statute became effective. Neither difference is significant and the holding in *Jungjohann* must control disposition here.

Our holding then is, where a decree of divorce, based upon an oral agreement of the parties, requires a father to make child support payments until the child reaches its majority, which agreement does not clearly express an intent to prescribe a greater liability for child support than that imposed by law, the obligation imposed by such decree terminates when the child reaches eighteen years of age, even though the decree was entered prior to the effective date of K. S. A. 1972 Supp. 38-101.

Accordingly, it is further held the trial court erred in its conclusion that appellant was legally obligated to make support money payments until the child in question attains the age of twenty-one years, and its judgment based thereon is reversed with directions to grant appellant the relief requested.

APPROVED BY THE COURT.

PRAGER, J., not participating.