(726 P.2d 297)
No. 58,987

In the Matter of the Marriage of M. PATRICIA MORTON, *Appellee*, and JAMES LEE MORTON, *Appellant*.

Opinion filed October 9, 1986.

*Kent Docking*, of Docking & Docking, of Kansas City, for appellant.

*James M. Sheeley*, of Lugar, Harris, Lampson, Kunce & Sheeley, of Kansas City, for appellee.

Before MEYER, P.J., DONALD L. ALLEGRUCCI, District Judge, assigned, and FLOYD H. COFFMAN, District Judge Retired, assigned.

MEYER, J. This is a divorce action brought by the appellee against the appellant, wherein the trial court ordered appellant, a retired member of the United States Marine Corps, to obtain and maintain in force his survivor benefit plan and make the annuity payable to appellee upon appellant's death. This decision was not appealed, but appellant filed a 60-260(b) motion to set aside the court's judgment as void. The district court denied appellant's motion to set aside and he now appeals.

Appellee filed for divorce on January 23, 1983. Seeking an amicable resolution of the division of their property, the parties entered into a written property settlement agreement on June 27, 1983, the day of the final divorce hearing.

As part of the property settlement agreement, appellant agreed to pay appellee 50% of his armed forces retirement income. The evidence in the record is conflicting from this point on.

Appellee testified that the parties orally agreed the day of the

final hearing that appellant would elect to receive his armed forces survivor benefit option and file the necessary documents so that appellee would receive the annuity therefrom should appellant predecease her.

Appellant denied ever having agreed to allow appellee to receive the annuity. However, the journal entry of divorce provides:

"That as part of the Property Settlement Agreement, the parties have agreed that each shall receive 50% of defendant's Marine Corps Retirement pay, including 50% of any increases or decreases therein, for a period of twenty years, and that defendant will, if necessary, again elect the survivor benefit option so that plaintiff will continue to receive benefits in the event of defendants [sic] death."

The journal entry reflects that the parties agreed that appellant would provide appellee with the annuity. However, the journal entry is the only writing evidencing the agreement.

On October 26, 1984, appellant filed a motion to void that part of the divorce decree requiring appellant to elect to provide appellee with the annuity. The district court denied the motion, but allowed appellant to file a motion for an evidentiary hearing on the matter. At this hearing, the district court again denied appellant's motion to set aside the judgment.

Appellant contends the district court erred in refusing to set aside that part of the divorce decree requiring him to elect to provide his former spouse with a survivor benefit annuity. We believe the trial court incorrectly interpreted the federal legislation governing the matter and erred in refusing to set aside the judgment under K.S.A. 60-260(b)(4).

The grounds for relief of judgment are listed in K.S.A. 60-260(b). That statute provides, in part:

"On motion and upon such terms as are just, the court may relieve a party or said party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void."

A judgment is void if the court that rendered it lacked personal or subject matter jurisdiction. *Automatic Feeder Co. v. Tobey*, 221 Kan. 17, 21, 558 P.2d 101 (1976). A motion to set aside a void judgment may be made at any time. *Barkley v. Toland*, 7 Kan. App. 2d 625, 630, 646 P.2d 1124, *rev. denied* 231 Kan. 799 (1982). Therefore, if the court lacked jurisdiction to require appellant to elect to provide his former spouse with an armed forces survivor benefit annuity, that part of the judgment should have been set

aside. See, *e.g., Barkley,* 7 Kan. App. 2d at 627-28; *Perry v. Perry,* 5 Kan. App. 2d 636, 639, 623 P.2d 513 (1981).

The issue presented by this appeal is whether the trial court had the power, or subject matter jurisdiction, to order the appellant to elect to provide his former spouse with the survivor's benefit annuity in the absence of a separate written agreement to that effect. Before discussing this issue, it is first appropriate to note that this issue is different from that presented by cases such as *Grant v. Grant,* 9 Kan. App. 2d 671, 685 P.2d 327 (1984), dealing with the division of military retirement pay at divorce. This case involves the election of the payee of annuities under the survivor benefit plan.

The treatment of the survivor benefit plan (SBP) annuities at divorce is governed by 10 U.S.C. § 1447 *et seq.* (1982). The applicable provisions of the statutory scheme include 10 U.S.C. § 1450(f)(3) (1982), which provides:

"Nothing in this chapter authorizes any court to order any person to elect under section 1448(b) of this title to provide an annuity to a former spouse *unless such person has voluntarily agreed in writing to make such election."*

Additionally, 10 U.S.C. § 1448(b)(4) (1982) provides:

"Any person who elects under paragraph (1) or (2) to provide an annuity to a former spouse shall, at the time of making such election, provide the Secretary concerned with a written statement . . . setting forth *whether the election is being made pursuant to a voluntary written agreement previously entered into by such person as a part of or incident to a proceeding of divorce, dissolution, annulment, or legal separation, and if so, whether such voluntary written agreement has been incorporated in or ratified or approved by a court order."*

Before a court has the authority to order a military retiree to elect to provide a former spouse with the survivor's benefit annuity, the person must have voluntarily agreed in writing to make such an election. 10 U.S.C. § 1450(f)(3). The question thus arises whether there existed in this case a writing sufficient to comply with the provisions of 10 U.S.C. §§ 1448 and 1450.

The only writing evidencing the appellant's agreement to provide his former spouse with the SBP annuity was the journal entry of divorce. In the journal entry, the court specifically found that "the parties have agreed that . . . defendant will, if necessary, again elect the survivor benefit option so that plaintiff will continue to receive benefits in the event of defendants [*sic*] death." Was this writing the type of writing intended by Congress to satisfy the provisions of 10 U.S.C. §§ 1448 and 1450?

This court does not believe so.

The federal scheme requires that a person's election to provide an SBP annuity to a former spouse must be evidenced by a written agreement entered into voluntarily by the person as part of or incident to a divorce action. Further, the written agreement must be incorporated in, or ratified or approved by, a court order. 10 U.S.C. § 1448(b)(4). We believe the federal legislation requires a written agreement separate and apart from the journal entry of divorce. Our conclusion is based upon a plain reading of the applicable statutes. 10 U.S.C. § 1448(b)(4) details the procedure a retiree follows in electing to provide an SBP annuity to a former spouse. In the written statement presented to the secretary of the appropriate branch of the armed services, the retiree must state if the election is being made pursuant to a written agreement entered into voluntarily by the retiree. In addition, the retiree must state that if there is such a voluntary written agreement, whether that voluntary written agreement has been incorporated in, or ratified or approved by, a court order. The statute thus contemplates two writings: the voluntary written agreement in which the retiree elects to provide his or her former spouse with an SBP annuity *and* the divorce decree which incorporates or approves that agreement. We note further that this statute requires the agreement to be "previously entered into" by the parties. Also, it is apparent from 10 U.S.C. § 1450(f)(3) that the existence of a written voluntary agreement is a condition precedent to the court order requiring a person to elect to provide a former spouse with the annuity; the court cannot so order a person "unless such person has voluntarily agreed in writing to make such election." 10 U.S.C. § 1450(f)(3). The appellant did not enter into any written agreement evidencing his consent to provide appellee with the annuity. He signed nothing that would indicate an intentional and voluntary relinquishment of his personal right to elect the beneficiary of the annuity. He testified that he never agreed in court to provide appellee with the annuity, although appellee disputes this assertion. The federal statute, in any event, requires a retiree to enter into a voluntary written agreement before a court may order the retiree to provide a former spouse with an annuity. Appellant never entered into such a written agreement, and the judge in the divorce action erred in ordering appellant to elect to

provide appellee with the annuity in the absence of the written agreement.

Appellee argues that property settlement agreements need not be in writing for a court to find the existence of an agreement and divide the property accordingly. The appellee's contention is correct insofar as it applies to the typical divorce action; there is no statutory requirement that a property settlement agreement be in writing. See K.S.A. 60-1610(b)(3); *Rice v. Rice*, 213 Kan. 800, Syl. ¶ 4, 518 P.2d 477 (1974); *Alley v. Alley*, 4 Kan. App. 2d 109, 111, 603 P.2d 215 (1979), *rev. denied* 227 Kan. 927 (1980). However, the above-mentioned federal statutes control the election of military annuities, not Kansas statutory or common law. If a former spouse is to receive the SBP annuity, it must be based upon an election made in compliance with the federal code. See *Marriage of Williams*, 39 Wash. App. 2d 224, 227, 692 P.2d 885 (1984). Congress appropriates the money for the annuity program and directs where the monies go. We are precluded from requiring election of a retiree's SBP annuity unless, as provided by federal statute, the retiree has voluntarily entered into a written agreement separate and apart from a journal entry of divorce. No such written agreement existed here.

Because appellant did not voluntarily agree in writing to elect to provide appellee with the SBP annuity, the lower court acted outside its authority, or subject matter jurisdiction, by ordering appellant to elect to provide such an annuity to appellee. Therefore, that part of its decree ordering defendant to provide the SBP annuity is void and should have been set aside. K.S.A. 60-260(b)(4); *Barkley*, 7 Kan. App. 2d at 627-28.

Reversed and remanded with instructions to the district court to set aside that part of its order requiring appellant to elect to provide appellee with the survivor benefit plan annuity.