**Donna Margaret ANDREAN, Plaintiff,**

v.

**SECRETARY OF the UNITED STATES ARMY; R. Marie Scarborough, Chief, Garnishment Branch Office of General Counsel, Defense, Finance & Accounting Service; and Charles M. Andrean, Defendants.**

No. 93–2172–JWL.

United States District Court, D. Kansas.

Dec. 6, 1993.

**1418**

John C. Tillotson and Danny K. Wiley, Murray, Tillotson & Nelson, Chtd., Leavenworth, KS, for plaintiff.

Robert A. Olsen, Office of U.S. Atty., Kansas City, KS and Ed Schneeberger, Leavenworth, KS, for defendants.

### MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

This matter is before the court on the motion of defendants Secretary of the Army and R. Marie Scarborough, Chief, Garnishment Branch Office of General Counsel, Defense Finance and Accounting Service, to dismiss or in the alternative for summary judgment (Doc. # 19), the motion of defendant Charles M. Andrean to dismiss (Doc. # 16)[1], and the motion of plaintiff Donna Margaret Andrean, for summary judgment (Doc. # 22). Plaintiff has sued the Secretary of the United States Army and Ms. Scarborough in their official capacities, and asks the court to compel these officials to enforce the provisions of the Federal Uniformed Services Former Spouses' Protection Act, 10 U.S.C. § 1408 ("FUSFSPA") requiring the payment of military retirement pay in compliance with state court orders. The court finds plaintiff is entitled to the relief sought as a matter of law, and, therefore, grants plaintiff's motion for summary judgment (Doc. # 22) and denies the defendants' motions (Docs. # 19 & # 16).

---

1. Pursuant to the court's order of August 31, 1993, defendant Andrean's motion is treated as a

### I. Facts

The facts of this case are, for the most part, undisputed, and the following facts are uncontroverted for purposes of this motion. On August 24, 1984, The District Court of Leavenworth County, Kansas issued a journal entry of judgment and decree of divorce ordering the dissolution of the marriage of plaintiff, Donna Andrean, and defendant, Charles M. Andrean. As part of the decree, the court ordered that one-third of Mr. Andrean's retirement benefits be set aside and become the sole and separate property of Ms. Andrean.

Less than a week before the court's decree, on August 19, 1984, the Kansas Court of Appeals, in *Grant v. Grant*, 9 Kan.App.2d 671, 685 P.2d 327 (1984), held that military retirement income was not marital property with a determinable value under Kansas law, and, therefore, was not subject to division in a divorce decree. Petition for review of the decision was denied by the Kansas Supreme Court on October 2, 1984.

Mr. Andrean did not appeal the Leavenworth County District Court decision, but, rather moved for relief from the judgment under K.S.A. 60-260(b) based on the *Grant* decision. On January 28, 1985, the Leavenworth Court denied Mr. Andrean's motion stating:

> The Court finds that, since the petitioner did not file a motion for new trial or a notice of appeal, petitioner made a free, calculated and deliberate choice not to appeal the judgment ... and that he has failed to establish any of the reasons set forth in K.S.A. 60-260(b) authorizing the Court to relieve a party from a final judgment.

In 1989, Kansas overruled *Grant*, and under current Kansas law, military retirement pay is considered marital property and is subject to division upon the dissolution of a marriage. *In the Matter of the Marriage of Harrison*, 13 Kan.App.2d 313, 769 P.2d 678, 680 (1989).

Mr. Andrean retired from the United States Army in November of 1992. Ms. An-

motion for summary judgment.

drean subsequently served the Secretary of the Army with the Leavenworth County District Court's order and requested direct payments of Mr. Andrean's military retirement pay pursuant to the provisions of FUSFSPA, 10 U.S.C. § 1408. The Secretary denied the plaintiff's request for direct payments on the basis that a division of retired pay, awarded in Kansas before 1987, was not enforceable under Kansas law, and this action ensued.

## II. FUSFSPA

In 1982, Congress enacted the Federal Uniformed Services Former Spouses' Protection Act in response to the United States Supreme Court ruling in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), that federal law prohibited the division of military retirement pay in a divorce action. *See Goad v. United States*, 24 Cl.Ct. 777 (1991), *cert. denied*, —— U.S. ——, 113 S.Ct. 814, 121 L.Ed.2d 687 (1992). The FUSFSPA specifically provides that "a court may treat disposable retired or retainer pay payable to a member ... either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court." 10 U.S.C. § 1408(c)(1).

Although the FUSFSPA does not require the division of military retirement benefits, it does provide a mechanism to enforce a valid state court order declaring such a division. *See In re MacMeeken*, 117 B.R. 642, 646 (D.Kan.1990). The FUSFSPA requires the federal government to make direct payments to a former spouse who presents to the Secretary of the relevant military service a state court order granting him or her a portion of the military retiree's disposable retired pay. 10 U.S.C. § 1408(d)(1). Section 1408(d)(1) reads in full:

After effective service on the Secretary concerned of a court order providing for the payment of child support or alimony or, with respect to a division of property, specifically providing for the payment of an amount of the disposable retired or retainer pay from a member to the spouse or a former spouse of the member, the Secretary shall make payments (subject to the limitations of this section) from disposable retired or retainer pay of the member to the spouse or former spouse in an amount sufficient to satisfy the amount of child support and alimony set forth in the court order and, with respect to a division of property, in the amount of disposable retired or retainer pay specifically provided for in the court order....

The parties contest whether plaintiff properly and effectively served a court order on the Secretary as required by § 1408(d)(1). Specifically, they disagree as to whether the order of the Leavenworth County District Court is a court order "issued in accordance with the laws of the jurisdiction of that court" as required by § 1408(a)(2)(A).[2] Plaintiff argues that there was a final judgment in accordance with the law of Kansas because Mr. Andrean failed to appeal that judgment, and a subsequent denial of his motion for relief of that judgment ends the day as far as a determination of the issue of that judgments' validity under Kansas law. Defendants counter that the Kansas district court had no subject matter jurisdiction to divide the retirement pay, that the judgment is void and subject to collateral attack at any time, and as a result the judgment was not rendered in accordance with Kansas law.

## III. JURISDICTION

Before a court can undertake to examine the merits of a plaintiff's claim, it must have subject matter jurisdiction. Mr. Andrean, as

2. 10 U.S.C. § 1408(a)(1)(A) states:
(a) In this section: (1) "Court" means—(A) any court of competent jurisdiction of any State, the District of Columbia, the Commonwealth of Puerto Rico, Guam, American Samoa, the Virgin Islands, the Northern Mariana Islands, and the Trust Territory of the Pacific Islands; (B) any court of the United States (as defined in section 451 of title 28) having competent jurisdiction; and (C) any court of competent jurisdiction of a foreign country with

which the United States has an agreement requiring the United States to honor any court order of such country.
10 U.S.C. § 1408(a)(2) states:
(2) "Court order" means a final decree of divorce, dissolution, annulment, or legal separation issued by a court, or a court ordered, ratified, or approved property settlement incident to such a decree ... which—(A) is issued in accordance with the laws of the jurisdiction of that court....

well as the Secretary of the Army and Ms. Scarborough, argue that plaintiff's complaint should be dismissed because this court lacks such jurisdiction to entertain plaintiff's claim for relief. The court disagrees.

In her complaint, Ms. Andrean alleges that this court has jurisdiction pursuant to the Mandamus Act, 28 U.S.C. § 1361. The Mandamus Act, however, merely serves to broaden the venue in which actions against United States officers and agents can be brought, and cannot be relied upon as an independent basis of federal court jurisdiction. *Craig v. Colburn,* 414 F.Supp. 185, 193 (D.Kan.1976). "It does not confer an independent basis of jurisdiction but rather merely supplies a permissible remedy in actions otherwise properly brought on independent jurisdictional grounds." *Id.* (citing *Udall v. Oil Shale Corp.,* 406 F.2d 759 (10th Cir.1969); *Prairie Band of Pottawatomie Tribe of Indians v. Udall,* 355 F.2d 364 (10th Cir.), *cert. denied,* 385 U.S. 831, 87 S.Ct. 70, 17 L.Ed.2d 67 (1966).

The court finds that jurisdiction exists, however, under 28 U.S.C. § 1331,[3] for the action is one that "arises under" the laws of the United States.[4] Although the statutory phrase, "arising under the Constitution, laws, or treaties of the United States" has resisted attempts to frame a single, precise definition for determining which cases fall within, and which cases fall outside, the original jurisdiction of the district courts, certain rules have developed. *Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.,* 463 U.S. 1, 8, 103 S.Ct. 2841, 2845, 77 L.Ed.2d 420 (1983). The general rule of inclusion is that a suit will "arise under" a federal law if the federal law creates the cause of action. *See Zibell v. Brull,* No. 93–4057 *slip. op.* at 8, 1993 WL 192831 (D.Kan. May 20, 1993) (citing *Franchise Tax,* 463 U.S. at 8–9, 103 S.Ct. at 2845–46). A suit will also "arise under" federal

law if the " 'plaintiffs right to relief necessarily depends on resolution of a substantial question of federal law,' in that 'federal law is a necessary element of one of the well pleaded ... claims.' " *Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 808, 108 S.Ct. 2166, 2173, 100 L.Ed.2d 811 (1988) (quoting *Franchise Tax,* 463 U.S. at 13, 27–28, 103 S.Ct. at 2848, 2855–2856). A district court will have jurisdiction over a plaintiff's claim if it is directly founded on federal law. *Gully v. First National Bank,* 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936). "For this court to exercise federal question jurisdiction under 28 U.S.C. § 1331, there must be a constitutional or federal statutory provision under which plaintiffs are aggrieved." *Western Shoshone Business Council for and on Behalf of Western Shoshone Tribe of Duck Valley Reservation v. Babbitt,* 1 F.3d 1052, 1058 (10th Cir.1993) (citing *Gully v. First National Bank,* 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936)).

The court finds that Ms. Andrean's right to relief necessarily depends on the construction, interpretation and effect of her rights under FUSFSPA. On the face of her complaint, she has alleged a duty on the part of the Secretary of the Army to act under FUSFSPA, 10 U.S.C. § 1408(d)(1), (5) and (h), and the resolution of the case depends upon the courts' interpretation of those sections. *See Karlin v. Clayton,* 506 F.Supp. 642, 645 (D.Kan.1981). Thus, the court finds that Ms. Andrean's claim arises under the laws of the United States, and that jurisdiction is proper under 28 U.S.C. § 1331. *See Kansas Hospital Association, et al. v. Whiteman,* 835 F.Supp. 1556, (D.Kan., 1993) (court had jurisdiction pursuant to 28 U.S.C. § 1331 where plaintiffs claimed the defendants' actions did not comply with federal law); *Adamson v. Radosevic,* 685 F.Supp. 814 (D.Kan.1988) (plaintiff's claims arise under

**3.** 28 U.S.C. 1331 provides:
The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

**4.** Defendants argue that the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* ("APA"), does not confer jurisdiction here. Plaintiffs assert that they do not claim an independent basis for

federal jurisdiction under the APA. For purposes of clarification, the court finds that the APA does not afford an implied grant of subject-matter jurisdiction. *Califano v. Sanders,* 430 U.S. 99, 107, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977); *Eagle–Picher Indus., Inc. v. United States,* 901 F.2d 1530, 1532 (10th Cir.1990).

federal law where plaintiff alleged United States officer failed to comply with the Competition in Contract Act); *Thompson v. Department of the Treasury, Bureau of Alcohol, Tobacco and Firearms,* 557 F.Supp. 158, 161–2 (D.Utah 1982) (court clearly has federal question jurisdiction to review an agency action denying relief from federal firearms disability).

*IV. Sovereign Immunity*

 Defendants argue that the plaintiff has not shown that the United States has waived sovereign immunity or consented to suit in this instance. "The United States, as sovereign, is immune from suit," unless "it consents to be sued." *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). To state a claim for which relief can be granted as to the United States, a plaintiff must allege a specific statute containing a waiver of sovereign immunity. *Thomas v. Pierce,* 662 F.Supp. 519, 523 (D.Kan.1987). The plaintiff bears the burden to show the government has consented to suit. *Id.* (citing *Cominotto v. United States,* 802 F.2d 1127, 1129 (9th Cir.1986); *Cole v. United States,* 657 F.2d 107, 109 (7th Cir.), *cert. denied* 454 U.S. 1083, 102 S.Ct. 639, 70 L.Ed.2d 618 (1981)).

 Defendants argue that although Ms. Andrean brings this action against the Secretary of the Army and Ms. Scarborough in their capacity as officials of the United States, the suit is really one against the United States government. The court must look beyond the parties named in the pleadings and look to the issues in a case and the effect of a potential judgment in order to determine whether an action is directed at the United States and barred by sovereign immunity. *Id.* (citing *New Mexico v. Regan,* 745 F.2d 1318, 1320 (10th Cir.1984), *cert.*

*denied,* 471 U.S. 1065, 105 S.Ct. 2138, 85 L.Ed.2d 496 (1985)).

 A suit is considered against the sovereign if "the judgment sought would expend itself on the public treasury or domain, or interfere with the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act." *Id.* (citing *Dugna v. Rank,* 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963)). Because this action seeks to compel the United States to act, to force the Army to make direct payments to Ms. Andrean of a share of Mr. Andrean's retirement income, it is, in essence, one against the government, and plaintiff must allege a waiver of sovereign immunity. *See Atkinson v. O'Neill,* 867 F.2d 589, 590 (10th Cir.1989).

 A waiver of immunity must be unequivocally expressed by Congress and may not be implied. *United States v. Mitchell* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980). Plaintiff has not alleged any waiver of immunity under the FUSFSPA itself. In fact, the FUSFSPA specifically disclaims any and all liability in instances in which a government official has made direct payments to a former spouse according to a court order valid on its face. 10 U.S.C. § 1408(f)(1); *Goad v. United States,* 24 Cl.Ct. 777, 786 (1991), *cert. denied,* —— U.S. ——, 113 S.Ct. 814, 121 L.Ed.2d 687 (1993).[5] Instead, plaintiff alleges that the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* ("APA"), provides a sufficient waiver.

 The court agrees with plaintiff that § 702 of the APA operates as a waiver of sovereign immunity under the circumstances of this case and permits this suit, which seeks review of agency action and relief oth-

---

5. At least two courts have held that there is no waiver of sovereign immunity in instances in which a military retiree attempted to contest the direct payment of benefits to a former spouse when those payments were made according to the service of a court order, valid on its face. *See Goad,* 24 Cl.Ct. at 785; *Simanonok v. Simanonok,* 918 F.2d 947, 947 (Fed.Cir.1990). The

issue presented to this court, however, does not involve the specific disclaimer of liability in § 1408(f)(1), because the Secretary has declined to make any direct payments to Ms. Andrean. Defendants have not shown that a provision of FUSFSPA specifically precludes review when a government official has declined to act or has

er than monetary damages.[6] *See Southeast Kansas Community Action Program Inc. v. Secretary of Agriculture of United States,* 967 F.2d 1452, 1458 (10th Cir.1992); *State of New Mexico v. Regan,* 745 F.2d 1318, 1321 n. 3 (10th Cir.1984), *cert. denied,* 471 U.S. 1065, 105 S.Ct. 2138, 85 L.Ed.2d 496 (1985); *Carpet Linoleum and Resilient Tile Layers, Local # 419 v. Brown,* 656 F.2d 564 (10th Cir. 1981); Charles A. Wright, Law of Federal Courts § 22 at 119 (4th ed. 1983).

## V. Venue

 Defendants Secretary of the Army and Ms. Scarborough contend that venue is improper and that a dismissal or transfer of this case is warranted. Once venue is attacked, the plaintiff bears the burden to show proper venue. Ms. Andrean must show that "a substantial part of the events or omissions giving rise to the claim" occurred in this judicial district as that term is used in 28 U.S.C. § 1391(e)(2).[7] Defendants argue that Ms. Andrean cannot meet this burden because § 1391(e)(2) must be read restrictively so that the only events considered are the activities of the officer or agent named as a party. The statute itself does not so state, and defendants cite to no case supporting such a reading.

On the surface, defendants' argument is appealing in the context of this relatively unambiguous statute. However, when viewed in relation to all the provisions of § 1331, and the purpose of section (e) in particular, defendants' logic is flawed.

 Defendants' interpretation renders the terms of § 1391(e) more restrictive than those of § 1391(b), the general provision covering federal question cases, which contains identical language. For instance, it is settled law that § 1391(e) may not be used to assert proper venue in suits against officials in their individual capacities. *Stafford v. Briggs,* 444 U.S. 527, 542, 100 S.Ct. 774, 783, 63 L.Ed.2d 1 (1980). If defendants are correct, the court must find that Congress intended to place greater venue restrictions on suits against federal agents in their official capacities than on suits against those in their individual capacities. This the court cannot do, for § 1391(e) was specifically restricted to suits against government actors in their official capacity to guard against the unfairness of exposing government officers sued in an individual capacity to nationwide service. *See Id.* at 544, 100 S.Ct. at 784 (Section 1391(e) was not intended to place federal officers, solely by reason of their government service, in a very different posture in personal damages suits from that of all other persons who are afforded greater protection under 28 U.S.C. § 1391(b)).

 The court finds that the phrase "substantial part of the events or omissions giving rise to the claim" must have the same meaning in both (b) & (e) of § 1391 and that the court may consider all the events giving rise to claim, not just the actions of the officials named in the suit, in order to determine whether plaintiff has shown that a "substantial part" of the events giving rise to her claim occurred in Kansas. Cases dealing with the meaning of § 1391(b)(2) are instructive here. The court must decide whether the forum activities played a substantial role in the circumstances leading up to the plaintiff's claim. *Hansen–Moor Assoc., Inc. v. Allied B/J Trust,* 1992 WL 190714 *3 (D.Kan. July 17, 1992). Section 1391(b)(2) focuses not on whether a defendant has made any deliberate contacts with the jurisdiction, but on the location where events occurred. *Bates v. C & S Adjusters, Inc.,* 980 F.2d 865, 867 (2nd Cir.1992). Substantial events may occur in more than one state, making venue proper in more than one district. *Sidco In-*

failed to carry out the duty prescribed in § 1408(d)(1).

**6.** Section 702 states that an action "seeking relief other than money damages and stating a claim that an agency or officer or employee thereof acted or failed to act in an official capacity ... shall not be dismissed ... on the ground that it is against the United States." 5 U.S.C. § 702.

**7.** 28 U.S.C. § 1391 states:

(e) A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, ... may, except as otherwise provided by law, be brought in any judicial district in which ... (2) a substantial part of the events or omissions giving rise to the claim occurred....

*dus., Inc. v. Wimar Tahoe Corp.,* 768 F.Supp. 1343, 1346 (D.Or.1991). "If the selected district's contacts are 'substantial', it should make no difference that another's are more so, or the most so." *Merchants Nat'l. Bank v. Safrabank,* 776 F.Supp. 538, 541 (D.Kan. 1991).

■■■ The court finds that a substantial part of the events giving rise to this claim occurred in Kansas, for both orders in question were issued here. *See Bates,* 980 F.2d at 867–8 (court held that fact that a letter was forwarded to debtor's address in New York was a substantial part of the events giving rise to a claim under the Fair Debt Collection Practices Act, even though the debt arose in another state and no other event occurred in New York). In the context of this case, the district in which the order was issued is one in which a substantial part of the events giving rise to the suit occurred, for there would be no suit without the order. Certainly, the issuance of the order and the denial of Ms. Andrean's request for government action in accordance with the order are the two most substantial events giving rise to this claim. Thus, the court finds venue is proper and defendants' request for dismissal on this ground is denied.

## VI. *Mandamus Relief*

■■■ Defendants contend that plaintiff has failed to state grounds sufficient to support a mandamus action,[8] and, alternatively, that if such grounds are stated they are entitled to summary judgment. A court may not dismiss a cause of action for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence,* 927

F.2d 1111, 1115 (10th Cir.1991). It is the court's duty in a mandamus action to measure the allegations in the complaint against the applicable statutory framework to determine whether the particular official has failed to perform a duty that Congress requires him or her to perform.[9] *Id.*

As is more fully set forth below, the court finds that plaintiff clearly states a claim for mandamus relief, and defendants' motion to dismiss on this ground is denied. Moreover, the court finds that plaintiff has met her burden to show that no material issue of fact exists and that she is entitled to summary judgment in her favor as a matter of law. Defendants' motions for summary judgment are, therefore, denied and hers is granted.

■■■ When considering a motion for summary judgment, the court must examine all the evidence in the light most favorable to the nonmoving party. *Langely v. Adams County, Colorado,* 987 F.2d 1473, 1476 (10th Cir.1993). A moving party who bears the burden of proof at trial is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Anthony v. United States,* 987 F.2d 670, 672 (10th Cir.1993). More than a "disfavored procedural shortcut," summary judgment is an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.' Fed.R.Civ.P. 1." *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986).

■■■ Mandamus is an extraordinary remedy that should be utilized in only the clearest and most compelling of cases. *Craig v. Colburn,* 414 F.Supp. 185, 193 (D.Kan. 1976). For mandamus to issue, there must be a clear right to the relief sought, a plainly defined and peremptory duty on the part of

---

**8.** Defendant Andrean contends that because this action is one in mandamus, it does not allege facts which apply to him, and, thus, he should be dismissed from this action. Mr. Andrean, however, is the recipient of the retirement pay at issue here. He is a necessary party in that he is a person who claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence, as a practical matter, will impair his ability to protect

his interests. F.R.C.P. 19(a). Mr. Andrean will not be dismissed from this action.

**9.** 28 U.S.C. § 1361 provides that, "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

the defendant to do the action in question, and no other adequate remedy available. *Johnson v. Rogers,* 917 F.2d 1283, 1285 (10th Cir.1990) (citing *Hadley Memorial Hosp., Inc. v. Schweiker,* 689 F.2d 905, 912 (10th Cir.1982)).

Plaintiff has shown that a plainly defined duty exists on the part of the defendant Secretary. Section 1408(d)(1) states that the Secretary *shall* make payments when effectively served with a court order as defined under the statute. Thus, if Ms. Andrean can show that she complied with the statute, the Secretary is clearly required under FUSFSPA to make direct payments to her.

The issue central to this case is whether plaintiff complied with the statute and can show a clear right to relief as a matter of law. Ms. Andrean must show that she served upon the Secretary a court order issued "in accordance with the laws of the jurisdiction of" the court issuing the order. *See* § 1408(a)(2)(A) & (d)(1). The parties do not dispute the timing or the manner in which this order was served, but rather dispute only whether the court order meets the requirements of 1408(a)(2)(A). The term "in accordance with the laws of the [court's] jurisdiction" is not defined in § 1408, but the court finds the plain meaning of the phrase entitles Ms. Andrean to direct payments as a matter of law. *See Resolution Trust Corp. v. Westgate Partners, Ltd.,* 937 F.2d 526, 531 (10th Cir.1991) ("Courts should follow the literal language of a statute when it is clear and when it does not lead to irreconcilable inconsistencies or clearly absurd results that Congress could not have intended.").

After Congress enacted FUSFSPA, and removed federally created barriers to the division of retirement pay in state court divorce proceedings, it remained unclear for a time whether military retirement pay was considered marital property in Kansas and

whether the removal of any federal bar permitted division under Kansas law. *See Grant v. Grant,* 9 Kan.App.2d 671, 685 P.2d 327, 330 (1984).[10] The issue was resolved by the Kansas Court of Appeals in *Grant,* which held that retirement pay could not be marital property under Kansas law because it was a future stream of income and did not have a present determinable value. *Id.* 685 P.2d at 331.

■ The Leavenworth order at issue in this case was entered on August 24, 1983, about two weeks after the appellate court decided *Grant.* Thus, the defendants argue that because the *Grant* decision was decided first, the Leavenworth court had no subject matter jurisdiction to divide the retirement pay and the judgment can be attacked as void. The court is not persuaded by defendant's argument.

■ The Leavenworth County District Court had subject matter jurisdiction over the "marital property" of the Andrean's by virtue of K.S.A. 60–1610. K.S.A. 60–1610(b); *see also Grant,* 9 Kan.App.2d 671, 685 P.2d at 329. In order to equitably divide the marital property, the court had to determine whether military retirement pay was considered marital property under Kansas law.[11] The district court had the power to decide the character of the retirement pay, right or wrong. It had the power to decide whether or not retirement pay was divisible under Kansas law. The fact that the court ultimately was wrong about the position the appellate court took (and perhaps was ignorant of it) does not render the judgment invalid for lack of subject matter jurisdiction. Thus, the Leavenworth order became the law of the case, and when Mr. Andrean failed to appeal the judgment, it became final and binding according to Kansas law.[12]

---

10. Kansas courts had previously held that the division of military retirement pay was prohibited under *federal* law, so before FUSFSPA Kansas courts never faced the issue of whether *Kansas* law permitted the division of military retirement pay in a divorce decree. *Gronquist v. Gronquist,* 7 Kan.App.2d 583, 644 P.2d 1365 (1982).

11. At the time of the Leavenworth court's decision, the Kansas Supreme Court had not yet

addressed the issue, and the *Grant* decision was not yet a final judgment. (The *Grant* decision became final on October 2, 1984 when petition for review was denied. *See* 1992 Kan.Ct.R.Ann. 8.03(f)).

12. So long as a court has subject matter jurisdiction to entertain the merits of a claim, res judicata consequences of a final unappealed judgment are not altered by the fact that a judgment may

██ Moreover, Mr. Andrean has already attacked, unsuccessfully, the validity of the Leavenworth order.[13] Instead of appealing the original order, Mr. Andrean filed a motion for relief from judgment pursuant to K.S.A. 60–260(b). Relief was denied by an order of February of 1985 which stated:

> The court finds that ... petitioner's motion for relief from judgment should be denied for the reason that he has failed to establish any of the reasons set forth in K.S.A. 60–260(b) authorizing the Court to relieve a party from a final judgment.

One of the grounds to establish relief under K.S.A. 60–260(b) is that a judgment is void. K.S.A. 60–260(b)(4). A void judgment is one rendered by a court which lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process. *Producers Equip. Sales, Inc. v. Thomason*, 15 Kan. App.2d 393, 808 P.2d 881 (1991). The court did not find that the judgment was void. There is no evidence that Mr. Andrean appealed this decision. With no appeal, this decision became final, and the underlying order was once and for all declared valid and enforceable according to the laws of the jurisdiction of Kansas.

██ The court finds the order is one issued "in accordance with the law of the jurisdiction" as is required by FUSFSPA. The court rejects defendants' argument, which in essence is that "in accordance with the law of the jurisdiction" means "in accordance with all relevant case law" in the applicable jurisdiction. So long as the judgment may be treated as final and binding in Kansas, so too, should it be enforced under FUSFSPA. One purpose of FUSFSPA was to provide a mechanism to enforce valid state court orders dividing retirement pay. *See In re MacMeeken*, 117 B.R. 642, 646 (D.Kan.

1990). Because Kansas would recognize the original Leavenworth order as valid, it is one by a court of competent jurisdiction "in accordance with laws of the jurisdiction" under 10 U.S.C. § 1408(a)(1) & (2) and should be recognized as valid by the Secretary of the Army.

██ The court finds that plaintiff has shown, as a matter of law, a clear right to relief, a clearly defined duty, and, finally, that she has no other adequate remedy available. Defendant Secretary and Ms. Scarborough assert that plaintiff's remedy is not one in mandamus, but a suit in a Kansas state court to determine the validity of the Leavenworth County District Court order. This, however, has already been determined by the Leavenworth order denying relief from final judgment. There is no action available to plaintiff in state court by which the plaintiff can have the court order declared valid a second time. There is no cause to ask the plaintiff to attempt to do so.

*VII. Conclusion*

██ When a court finds that an official has failed to discharge a duty which Congress intended him or her to perform, the court must compel performance. *Estate of Smith v. Heckler*, 747 F.2d 583, 591 (10th Cir.1984). Ms. Andrean has met her burden to show, as a matter of law, that she is clearly entitled to relief under the terms of FUSFSPA and the Secretary of the Army is directed to distribute the military retirement pay at issue in this case accordingly.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's motion for summary judgment (Doc. # 22) is granted.

---

have been wrong or rested on a legal principle subsequently overruled in another case. *Federated Department Stores v. Moitie*, 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); *Meyer v. Rogers*, 173 Kan. 124, 244 P.2d 1169, 1174 (1952).

13. Defendants argue that *Matter of Marriage of Morton*, 11 Kan.App.2d 473, 726 P.2d 297 (1986) applies here. *Morton*, however, is inapposite from the issue presented to this court, for it involved military annuities, the direction of which, that court held, is controlled by federal

law. *Morton*, 726 P.2d at 299 (federal statutes control the election of military annuities, and Kansas courts are precluded from requiring election of a retiree's annuity unless retiree has entered into a separate agreement as required by federal law.). The FUSFSPA defers to state law to determine the divisibility of retirement pay. At the time of its order, the Leavenworth court had the power to divide military retirement pay because there were no federal laws [sic]. *See Id.* 726 P.2d at 298–9.

1426

**IT IS FURTHER ORDERED** that the motion of defendants Secretary of the Army and Ms. Scarborough to dismiss or in the alternative for summary judgment is denied.

**IT IS FURTHER ORDERED** that the motion of defendant Andrean for summary judgment (Doc. # 16) is denied.

**IT IS SO ORDERED.**