Manuel ALVIDREZ, Plaintiff,

v.

Tom RIDGE, Secretary of Department of Homeland Security and the Bureau of Citizenship and Immigration Services, Defendants.

No. 03–1290–JTM.

United States District Court,
D. Kansas.

March 19, 2004.

James S. Phillips, Jr., Phillips & Phillips, Chartered, Wichita, KS, for Plaintiff.

Robin Barkett Moore, Office of United States Attorney, Wichita, KS, for Defendants.

## MEMORANDUM AND ORDER

MARTEN, District Judge.

This matter is before the court on the defendants' Motion to Dismiss or for Summary Judgment. The defendants seek to dismiss the complaint of plaintiff Manuel Alvidrez which claims that the defendants violated his constitutional rights by failing to accord him V–Visa rights, and that provisions of federal immigration law restrict-

ing the availability of V–Visa rights are unconstitutional violations of equal protection. For the reasons identified below, the court will grant defendants' motion. Because resolution of the motion involves citation to and reliance upon facts outside the pleadings (albeit brief and essentially uncontroverted facts) the court will treat defendants' motion as one for summary judgment.

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In considering a motion for summary judgment, the court must examine all evidence in a light most favorable to the opposing party. *McKenzie v. Mercy Hospital,* 854 F.2d 365, 367 (10th Cir.1988). The party moving for summary judgment must demonstrate its entitlement to summary judgment beyond a reasonable doubt. *Ellis v. El Paso Natural Gas Co.,* 754 F.2d 884, 885 (10th Cir.1985). The moving party need not disprove plaintiff's claim; it need only establish that the factual allegations have no legal significance. *Dayton Hudson Corp. v. Macerich Real Estate Co.,* 812 F.2d 1319, 1323 (10th Cir. 1987).

In resisting a motion for summary judgment, the opposing party may not rely upon mere allegations or denials contained in its pleadings or briefs. Rather, the nonmoving party must come forward with specific facts showing the presence of a genuine issue of material fact for trial and significant probative evidence supporting the allegation. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Once the moving party has carried its burden under Rule 56(c), the party opposing summary judgment must do more than simply show

there is some metaphysical doubt as to the material facts. "In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a **genuine issue for trial.**'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quoting Fed. R.Civ.P. 56(e)) (emphasis in *Matsushita*). One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The facts are not in dispute. Luz Barraza de Alvidrez is married to Santos Alvidrez, a lawful permanent resident (LPR). Mrs. Alvidrez is the beneficiary of an I–130 immigrant petition. On October 10, 2001, Luz Barraza de Alvidrez applied for V–Visas for herself and her three children: Manuel (the plaintiff), Viviana, and Jose Alvidrez. The Immigration and Naturalization Service (INS), now known as the United States Citizenship and Immigration Service (CIS), approved these applications on February 12, 2002. Plaintiff's mother was issued a V–1 Visa and her children were issued V–3 Visas.

Plaintiff Manuel Alvidrez, was born on April 14, 1982. He was 21 years old on April 14, 2003. Plaintiff Alvidrez's V–3 Visa was valid from February 12, 2002, to April 13, 2003, because he aged out on that date. Manuel also received employment authorization for the same period.

On December 20, 2002, Manuel Alvidrez applied to renew his employment authorization. His application was denied. At the time he applied for renewal, his existing card was still valid. The March 3, 2003, decision letter noted as the reason

for denial that Manuel would age out on April 13, 2003.

It is uncontroverted that while Alvidrez filed for extension of employment authorization (Form I–765), he did not attempt to file an application to determine eligibility for a V–Visa (Form I–539). Alvidrez filed his Application for Employment Authorization on December 20, 2002. At the time of his application, his then-current employment authorization document did not expire until April 13, 2003.

Alvidrez did not file an application to extend his V–Visa, and there is no record that a petition for alien relative (I–130) has been filed for plaintiff. Alvidrez's original employment authorization was granted incident to his V–status.

▪ The court will grant the motion to dismiss in light of the plaintiff's failure to demonstrate standing, since he never submitted any V–Visa application, only an application for employment authorization. See 8 U.S.C. § 1184(o)(1)(B); 8 C.F.R. § 214.15(h). The uncontroverted facts establish that Alvidrez filed an application for extension of his work authorization only. He never attempted to submit any V–Visa application. The denial of the work authorization may reflect the determination that plaintiff "aged out" of eligibility, but it may as well be grounded on the fact that Alvidrez had no pending application for immigration benefits which would support work authorization. 8 C.F.R. § 274a.12.

▪ Nor can standing be predicated on the supposed violation of the Child Status Protection Act (CSPA), Pub.L. No. 107–208, 116 Stat. 927 (2002), which preserves the priority date of a child for purposes of acquiring an immigrant visa. The CSPA requires the INS to determine the alien's age at the time a visa number becomes available and the alien has requested a change of status. See 8 U.S.C. § 1153(h)(1). But the CSPA makes no

reference to V–Visas; it applies by its terms to immigrant visas only. See Akhtar v. Burzynski, No. SACF 02–0245 DOC (Anx)(C.D. Oct. 21, 2002), appeal pending, Case No. 02–57037 (9th Cir.2002). Here, the uncontroverted facts establish that Alvidrez has never attempted to file for an immigrant visa. A V–Visa, is a non-immigrant visa. 8 U.S.C. § 1101(a)(15)(V).

In any event, Alvidrez's claims of constitutional deprivations are without merit. He first claims a violation of due process in the failure to process his application without unreasonable delay. But, as noted above, Alvidrez failed to ever make any V–Visa application. The defendants cannot have acted unconstitutionally in failing to process an application that was never submitted.

▪ Alvidrez's claim of age discrimination (that the distinction made with respect to persons over the age of 21 within immigration law violates equal protection) is also unfounded. Congress may constitutionally distinguish between citizen children on the basis of age for the purpose of subjecting their parents to quota limitations. Rubio De Cachu v. INS, 568 F.2d 625, 627 (9th Cir.1977); Faustino v. INS, 432 F.2d 429, 430 (2d Cir.1970), cert. denied, 401 U.S. 921, 91 S.Ct. 909, 27 L.Ed.2d 824 (1971); Perdido v. INS, 420 F.2d 1179 (5th Cir.1969). Such legislation is supported by a rational basis: "Since minor children do not ordinarily determine where their own home will be, much less the family home, Congress recognized a rational distinction when it limited the category of those who could confer immigration benefits on their parents to persons over twenty-one years of age." Perdido, 420 F.2d at 1181. The classification here serves a rational purpose by promoting the reunification of lawful permanent residents with the members of their immediate household (spouses and minor children),

while such relatives wait for their family-based 2A preference visa numbers; when a child reaches his or her majority, he or she is not eligible to adjust status or immigrate under the 2A classification. An adult son or daughter can reasonably be expected to live apart from his or her parents while waiting for his or her 2B numbers to become available.

 Finally, the court must note that the present action cannot be separately maintained under either the Declaratory Judgment Act or the Mandamus statute. The Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* does not create an independent cause of action, it only provides a form of relief previously unavailable. *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937). Similarly, the Mandamus statute, 28 U.S.C. § 1361, will not supply an independent basis for jurisdiction when such jurisdiction is otherwise absent. *Andrean v. Secretary of United States Army,* 840 F.Supp. 1414, 1420 (D.Kan.1993). Plaintiff has failed to demonstrate any failure of the defendants to perform a required ministerial act which would justify an order of mandamus.

Because Alvidrez filed no application to extend his V–Visa, or seek to file an application for immigration benefits, defendants had no basis to grant additional employment authorization. Pursuant to the applicable (and, the court finds, constitutional) law, the defendants may only grant employment authorization to an eligible alien in V status for a period equal to his admission as a V non-immigrant. *See* 8 C.F.R. § 214.15(h); § 274a.12(a)(15).

IT IS ACCORDINGLY ORDERED this 19th Day of March, 2004, that the defendant's Motion for Summary Judgment (Dkt. No. 3) is hereby granted.